OPINION
{¶ 1} Plaintiff-appellant, Susan E. Potts, appeals from a Mahoning County Common Pleas Court judgment in favor of defendant-appellee, Cinemark USA, following a jury trial.
 {¶ 2} On October 13, 1998, appellant filed a complaint against appellee alleging personal injury arising out of an incident that occurred on November 16, 1996 at Movies 8 Theater, owned and operated by appellee. Appellant alleged that she slipped and fell on a wet floor while walking through a lobby in the theater. Appellant claimed that appellee had mopped the floor on which she fell, causing an unsafe and dangerous condition, and that appellee was negligent in failing to warn patrons of the condition of the floor. On August 26, 2002, appellee filed a motion in limine, which sought the exclusion of evidence of a subsequent fall involving a child, Jasmin, just after appellant's fall. Trial began on August 27, 2002. Just before the start of the trial, the court heard the parties' arguments on the motion in limine. The court sustained appellee's motion, thereby precluding appellant from introducing evidence of Jasmin's fall.
 {¶ 3} On August 30, 2002, the jury returned a verdict for appellee. The trial court entered judgment on the verdict on September 5, 2002. Appellant filed her timely notice of appeal on September 27, 2002.
 {¶ 4} Appellant raises one assignment of error, which states:
 {¶ 5} "The trial court abused its discretion, to the prejudice of appellant, in granting the appellee's motion in limine preventing the appellant from presenting evidence of a nearly contemporaneous fall and the conditions and manner under which the falls occurred."
 {¶ 6} Appellant wanted to introduce evidence of Jasmin's subsequent fall, including appellee's accident report of Jasmin's fall, as well as the testimony of Mary James, appellant's friend, and David Conti, appellee's assistant manager, regarding the child's fall. Appellant argues that evidence of the condition of the floor, including evidence of the other fall, had the tendency to make the existence of the dangerous condition more probable than it would be without the evidence. Appellant urges that both she and Ms. James could have testified as to the conditions that existed. Further, appellant contends, these facts were of significant consequence to the determination of the action and were relevant to the case at bar. Appellant also notes that appellee argued that even if relevant, this evidence should be excluded because its probative value was substantially outweighed by the danger of unfair prejudice or confusion of the issues, thus misleading the jury. But appellant urges this argument was unsupported by any allegation as to how such admission would be prejudicial or confuse the jury. In fact, appellant continues, evidence of a nearly contemporaneous fall was not only relevant, but would assist the jury in determining the conditions that were present at the time she encountered them.
 {¶ 7} Additionally, appellant points out that appellee, in its opening statement, referred to Ms. James being able to traverse the area without difficulty. (Tr. 93-94). Additionally, appellant continues, appellee argued in its closing argument that appellant failed to act in a manner that a reasonably prudent person under the circumstances should have. (Tr. 612). Appellant argues that allowing appellee to insinuate that there was nothing wrong with the floor's condition since Ms. James was able to walk through without incident, but denying her the ability to present evidence contra to this inference was unfair and misled the jury as to the specific conditions that existed at the time.
 {¶ 8} We must first address appellee's contention that appellant failed to properly preserve this issue for review. At the start of trial, the court addressed appellee's motion in limine to exclude evidence of Jasmin's fall. The court sustained the motion stating that the evidence was inappropriate in appellant's case in chief. (Tr. 23). However, it also stated that depending on how appellee handled its case might open the door to appellant introducing the evidence. (Tr. 23).
 {¶ 9} A motion in limine seeks only a preliminary ruling. Therefore, at trial, the proponent of the evidence must actually move the court to admit the evidence, whereas the party opposing the evidence must object at that time in order to properly preserve the question for appeal. Krotine v. Neer, 10th Dist. No. 02AP-121, 2002-Ohio-7019, at ¶ 10; State v. Maurer (1984), 15 Ohio St.3d 239, 259-260. "`[I]t is incumbent upon a [party] who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal.'" Garrett v.Sandusky (1994), 68 Ohio St.3d 139, 141, quoting State v. Grubb (1986),28 Ohio St.3d 199, paragraph two of the syllabus.
 {¶ 10} In the case at bar, appellant effectively complied with this requirement. After the court sustained appellee's motion in limine, appellee made a proffer on the record. This proffer, however, was out of the court's presence. Appellant's counsel stated that Ms. James would have testified that she witnessed Jasmin's fall, that it occurred at approximately the same time as appellant's fall, that the floor was greasy and slippery, that the warning sign was not appropriate, and that this all contributed to Jasmin's fall. (Tr. 38-39). Counsel also stated that Conti would have testified that he took both incident reports and that both falls occurred at the same time and in the same manner. (Tr. 39). Counsel made the proffer here because he wished to refer to what he believed the evidence would show during his opening statement.
 {¶ 11} Additionally, when Ms. James was on the stand she began to mention that there was a second incident. (Tr. 130). At this point, appellee objected and a side bar discussion was held out of the hearing of the court reporter. (Tr. 130). Additionally, between cross and redirect examination, appellant requested a side bar, again held out of the court reporter's hearing. (Tr. 144). Later, out of the presence of the jury, appellant's counsel brought up one of the side bar discussions. Counsel stated that he wanted to preserve his objection to the court's ruling that he could not introduce evidence regarding the second fall. (Tr. 287-88). Counsel then made a proffer as to what Ms. James would have testified to had the court permitted him to ask her about Jasmin's fall. (Tr. 288-89).
 {¶ 12} Since appellant properly preserved this issue for appeal, we move on to examine the merits of her claim.
 {¶ 13} "The issue of whether testimony or evidence is relevant or irrelevant, confusing or misleading, is best decided by the trial judge, who is in a significantly better position to analyze the impact of the evidence on the jury." Renfro v. Black (1990), 52 Ohio St.3d 27, 31. A trial court has broad discretion in determining the admissibility of evidence, and its decision will not be disturbed on appeal absent a clear showing of abuse of discretion. Id., at 32. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} Evid.R. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Generally, relevant evidence is admissible while irrelevant evidence is not. Evid.R. 402. Furthermore, relevant evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Evid.R. 403(A).
 {¶ 15} In order to prevail on a slip and fall claim, this court has noted that a plaintiff must prove the essential elements of a negligence cause of action: duty, breach of duty, proximate cause, and damages.Bionci v. Boardman Local Schools (June 18, 2001), 7th Dist. Nos. 00CA6 and 00CA83.
 {¶ 16} In the case at bar, the evidence of Jasmin's fall could potentially be introduced to show one of two things, (1) the slipperiness of the floor or (2) the inadequacy of appellee's warning.
 {¶ 17} While evidence of Jasmin's fall could be relevant to establish the floor's slipperiness, it could unfairly prejudice the jury. During the motion in limine hearing, appellant argued that evidence of Jasmin's fall would assist the jury in determining what the floor's condition was. (Tr. 14-15). The court stated that this evidence would prejudice the jury because it had nothing to do with what happened before appellant fell, only with what happened subsequently. (Tr. 15). Furthermore, appellee does not contest the fact that an employee had recently mopped the floor to clean up a spilled soda. Appellant also put on sufficient evidence at trial to establish that the floor was slippery. Ms. James testified that shortly before appellant reached the area of the fall, she saw a man with a bucket of water mopping the area. (Tr. 122). She further testified that she noticed that the water was greasy and murky. (Tr. 123). Additionally, appellant testified that the floor was "like a sheet of ice." (Tr. 167). She also testified that the floor was not just wet, but very greasy and she could see a rainbow effect in it. (Tr. 168).
 {¶ 18} In light of the foregoing, the decision to exclude evidence of Jasmin's fall was within the trial court's broad discretion. A jury could conceivably conclude that if more than one person fell in the same area, appellee must have been negligent. Furthermore, appellant put on ample evidence to demonstrate the floor was slippery. A trial court abuses its discretion when its decision is "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason, but rather of passion or bias."Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87. We cannot say that the trial court's decision was so grossly violative of fact and logic that it necessitates reversal.
 {¶ 19} Additionally, the issue at the heart of this matter pertains not to the condition of the floor, but to whether appellee adequately warned appellant of the condition. Evidence of Jasmin's subsequent fall would have established the existence of slippery floor conditions, but would not have gone to the issue of whether or not appellee breached its duty to warn appellant. While appellant urges that evidence of this fall could establish that appellee's warning was inadequate, the fact that appellant did not intend to call Jasmin, or her guardian, to testify effectively eliminates any chance of appellant being able to prove this. Without Jasmin's testimony, the trial court properly noted:
 {¶ 20} "* * * [Appellant] can't do that [prove inadequate warning] through somebody else saying that someone fell there because there's no evidence of why that person fell or how that person fell or what caused that person to fall." (Tr. 11).
 {¶ 21} Because appellant's evidence regarding Jasmin's subsequent fall does not go to the issue of whether appellee breached its duty to warn appellant of the floor conditions, it is not relevant for this purpose.
 {¶ 22} Accordingly, appellant's assignment of error is without merit.
 {¶ 23} For the reasons stated above, the decision of the trial court is hereby affirmed.
Judgment affirmed.
Vukovich and DeGenaro, JJ., concur.