{¶ 1} Defendant-appellant Donna J. Lord appeals the February 8, 2006 Judgment Entry entered by the Delaware County Court of Common Pleas, which entered judgment in favor of plaintiffs-appellees Linda M. Pohle, et al., and against appellant in the amount of $20,000, plus interest and costs, following a jury trial. Appellant also appeals the trial court's March 22, 2006 Opinion and Order, denying her Motion to Set Aside and Vacate Jury Verdict, and Motion for a New Trial.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 23, 2002, appellees and appellant executed a Purchase Option relative to 17 acres of real property located at 1399 Pollack Road, Delaware, Ohio, with a purchase price of $290,000. In consideration for the option, appellees paid appellant $40,000. By its terms, the option expired on November 23, 2003, unless appellees exercised the option on or before that date, or appellees obtained a 180 day extension of their option right by sending appellant an extension notice with an additional $20,000 by September 23, 2003.
 {¶ 3} Appellees never sent appellant an option extension notice or any monies to support such an extension. However, on November 14, 2003, appellees sent appellant a letter stating their intent to exercise the option and purchase the property. The parties agreed this notice letter satisfied paragraph 8 of the Purchase Option. Paragraph 5 of the Purchase Option required the closing be held within thirty days. As such, December 14, 2003, should have been the date of the closing. December 14, 2003, was a Sunday; therefore, the Purchase Option presumably authorized closing on or before December 15, 2003. After the initial thirty day period had passed, the parties were still in the preliminary stages of concluding the transaction, and appellees continued with efforts to purchase the property. Appellant repudiated the contract on January 30, 2004, knowing appellees were still pursuing the transaction. Appellant never advised appellees their time for completing the transaction had expired.
 {¶ 4} On June 4, 2004, appellees filed a Complaint in the Delaware County Court of Common Pleas, asserting claims of breach of contract, fraud in the inducement, unjust enrichment, and quantum meruit. Appellant filed a timely answer, setting forth a general denial to all the claims. Appellees filed a motion for summary judgment relative to the unjust enrichment claim. Appellant filed a motion for summary judgment relative to all of appellees' claims. Via Opinion and Order filed November 9, 2005, the trial court granted, in part, appellant's motion for summary judgment, and denied appellees' motion for summary judgment. As a result of the trial court's decision, the only remaining claim to litigate was appellees' breach of contract claim.
 {¶ 5} Prior to trial and in accordance with the trial court's revised case management order, the parties were required to exchange and submit a list of trial witnesses and exhibits. After receiving the information, appellant, through counsel, objected to appellees' Exhibit Q, a copy of the mortgage through which appellant had refinanced the property during the option period. The trial court informed the parties a decision on the objection would be rendered prior to trial.
 {¶ 6} The matter came on for trial on February 6, 2005. Appellant again objected to appellees' Exhibit Q. Appellant argued any issues, whether legal or factual, as related to Exhibit Q had not been raised by appellees in their pleadings or complaint. Appellant maintained the exhibit was irrelevant and had no probative value, but was merely intended to prejudice appellant in the eyes of the jury. The trial court overruled appellant's objection, and admitted Exhibit Q.
 {¶ 7} During deliberations, the jury requested the trial court provide them with clarification of the phrase "further mortgage the property" found in paragraph 10 of Exhibit A, the Purchase Option. The jury also asked, "Would a second mortgage constitute a `further mortgage'? Would a refinance?" Tr. at 528. The trial court suggested the following response: "An additional or replacement mortgage that increases the total amount of the loan for which the mortgage provides security may be a `further mortgage', described in that paragraph, but a refinancing mortgage for the same amount would not be a `Further mortgage' for that purpose. There is no evidence in this case that the mortgage that the Defendant obtained in 2003 increased the total amount of the loan, so it was not a `Further mortgage', within the meaning of that contract provision." Tr. at 528-529. Counsel for both parties accepted the trial court's response.
 {¶ 8} The jury returned a verdict in favor of appellees in the sum of $20,000, plus interest. Via Judgment Entry filed February 8, 2006, the trial court memorialized the jury's verdict and award. On February 22, 2006, appellant filed a Combined Motion to Set Aside and Vacate Jury Verdict and Motion for New Trial. Via Opinion and Order filed March 2, 2006, the trial court denied appellant's request to set aside and vacate the jury verdict as well as her request for a new trial.
 {¶ 9} It is from the February 8, 2006 Judgment Entry, and the March 22, 2006 Opinion and Order appellant appeals, raising the following assignments of error:
 {¶ 10} "I. THE TRIAL COURT ERRED WHEN IT PERMITTED PLAINTIFFS TO INTRODUCE AND USE AS EVIDENCE EXHIBIT Q, INCLUDING TESTIMONY RELATED TO SAID EXHIBIT DURING THE TRIAL, WHICH EXHIBIT RELATED TO AN ISSUE THAT PLAINTIFFS FAILED TO RAISE IN THEIR PLEADINGS AND WHICH EXHIBIT SUBSEQUENTLY PREJUDICED THE DEFENDANT, THEREBY, MANDATING A REVERSAL OF THE JURY VERDICT.
 {¶ 11} "II. THE VERDICT IN FAVOR OF THE PLAINTIFFS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 12} "III. THE TRAIL [SIC] COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT DEFENDANT'S MOTION FOR A NEW TRIAL, THEREBY ESTABLISHING GROUNDS FOR REVERSAL."
 I {¶ 13} In her first assignment of error, appellant submits the trial court erred in allowing appellees to introduce and use Exhibit Q as well as allowing testimony regarding the exhibit prejudicial to appellant, thereby requiring a reversal of the jury verdict.
 {¶ 14} The admission or exclusion of evidence rests within the sound discretion of the trial court. The trial court has broad discretion in determining the admissibility of evidence, and unless there is an abuse of discretion, the trial court's decision will not be disturbed.Potts v. Cinemark USA, 2003-Ohio-7110. In order to find an abuse of discretion, the plaintiff bears the burden of demonstrating the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 15} The Purchase Option between the parties specifically provided the seller (i.e., appellant) could not further encumber the property. In their Complaint, appellees did not set forth any claims asserting appellant breached this provision. When appellees entered Exhibit Q into evidence, appellant objected. The trial court instructed the jury it "was permitting the evidence about the refinancing of the mortgage for whatever significance it may have to the later events." Trial Tr. at 317. The trial court continued, "The refinancing * * * is not a violation of the option agreement. However, it may have some meaning for some other purpose." Id.
 {¶ 16} We find the trial court did not abuse its discretion in admitting Exhibit Q into evidence. The exhibit was arguably relevant to the subsequent dealings concerning closing between the parties. Additionally, the trial court instructed the jury the refinancing was not a further encumbrance as contemplated by the Purchase Option; therefore, not a violation of the option agreement.
 {¶ 17} Assuming, arguendo, the admission of Exhibit Q was erroneous, we find appellant cannot establish prejudice based upon the jury's question. The trial court read the question to counsel for both parties. Both parties agreed to the trial court's proposed response to the question. Accordingly, appellant has waived any right to assert she was prejudiced thereby.
 {¶ 18} Appellant's first assignment of error is overruled.
 II, III {¶ 19} In her second assignment of error, appellant challenges the jury verdict as against the manifest weight of the evidence. In her third assignment of error, appellant maintains the trial court abused its discretion in failing to grant her motion for a new trial.
 {¶ 20} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.. Jeffries (Feb. 10, 1982), Stark App. No. CA5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.CE. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 {¶ 21} "The denial by a trial court of a motion for a new trial is subject to reversal on appeal only upon demonstration that the trial court abused its discretion." Yungwirth v. McAvoy (1972),32 Ohio St.2d 285. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. "[A]n abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * *." Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87 (Citation omitted).
 {¶ 22} Appellant challenges the jury's finding the 30-day limit for closing was not an essential element of the parties' agreement. Appellant submits the clear language of the Purchase Option supports a finding otherwise. The Purchase Option provided: "If this option is exercised, the closing * * * shall be held * * * within thirty days after notice of exercise is delivered to seller." In further support of her position, appellant refers to appellees' testimony acknowledging the closing date was to be December 15, or the Purchase Option was "dead". Appellant concludes appellees' testimony established they had breached an essential element of the contract; therefore, appellees were in default and forfeited any rights pursuant to the contract.
 {¶ 23} Upon review of the record, we find, despite the fact the closing did not occur within the thirty days contemplated by the Purchase Option, appellant continued to pursue the transaction with appellees. Counsel for appellees sent a correspondence dated January 16, 2004, to counsel for appellant, setting forth a proposal for completing the transaction. Fourteen days later, appellant decided to repudiate the contract. Appellant decided to repudiate the contract despite her knowing appellees were still pursuing the transaction and attempting to secure financing. The evidence of appellant's participation in pursuing the transaction after the December 15, 2004 date, may be inferred by the jury to mean time was not of the essence. Accordingly, we find the verdict was not against the manifest weight of the evidence.
 {¶ 24} In her motion for new trial, appellant asserted the jury did not follow the trial court's instructions; therefore, the trial court's denial of the motion was an abuse of discretion. Appellant relies upon the same evidence to support this claim as she did in her challenge of the jury's verdict. Having found supra, there was some competent, credible evidence from which the jury could find time was not of the essence, we find the trial court did not abuse its discretion in denying appellant's motion for new trial.
 {¶ 25} Appellant's second and third assignments of error are overruled.
 {¶ 26} The judgment of the Delaware County Court of Common Pleas is affirmed.
Edwards, J. and Boggins, J. concur
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.