[Cite as *King v. Rubber City Arches, L.L.C.*, 2011-Ohio-2240.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DERRICK KING

    Appellant

    v.

RUBBER CITY ARCHES, LLC, et al.

    Appellees

C.A. No.    25498

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2009-06-4435

DECISION AND JOURNAL ENTRY

Dated: May 11, 2011

MOORE, Judge.

{¶1} Appellant, Derrick M. King, appeals the judgment of the Summit County Court of Common Pleas which granted summary judgment in favor of Appellees, Rubber City Arches, LLC, et al. This Court affirms.

I.

{¶2} On October 10, 2007, Derrick M. King was hired by Rubber City Arches, LLC ("Rubber City"), to work as a crew member of the McDonald's store on Copley Road in Akron, Ohio. On the morning of April 20, 2009, King was working in the grill area along with crew member Shantel Wheeler. An altercation occurred between the employees, and after Rubber City conducted an investigation, King's employment was terminated on April 27, 2009.

{¶3} On June 10, 2009, King filed suit against Rubber City, Rubber City area supervisor Marta R. Emerick, store manager Tara R. Gengler, store manager Melissa J. Shaw, and crew member Wheeler, asserting claims for intentional infliction of emotional distress,

violation of the covenant of good faith and fair dealing, and assault and battery. On August 14, 2009, Rubber City, Emerick, Gengler, and Shaw filed a motion to dismiss King's claims. On August 27, 2009, King filed a motion to compel discovery. He filed an addendum to the motion on September 1, 2009. Thereafter, Rubber City, Emerick, Gengler, Shaw and Wheeler filed a motion in opposition and a motion for a protective order. On October 7, 2009, King filed an amended complaint, removing Shaw as a named defendant and adding McDonald's USA, LLC ("McDonald's"). King asserted claims for gender discrimination, intentional infliction of emotional distress, wrongful termination in violation of public policy, negligent hiring, retention and supervision, and assault and battery.

{¶4} On December 16, 2009, McDonald's filed a motion for summary judgment. On December 21, 2009, the trial court entered an order detailing a confidentiality stipulation and protective order. The next day, the trial court ruled on several pending motions, including King's motion to compel discovery. The trial court found King's motion to compel to be moot due to "the parties' entry of a stipulated protective order following the December 17, 2009 pretrial." On January 4, 2010, King served notice of depositions upon written questions of several Rubber City employees. The trial court granted McDonald's motion for summary judgment on February 24, 2010. King appealed, but we subsequently dismissed the appeal for lack of a final appealable order. On April 9, 2010, King moved to compel Rubber City to provide him a transcript of certain deposition questions. The trial court denied his motion on April 21, 2010. On May 27, 2010, Rubber City, Emerick, Gengler and Shaw filed a motion for summary judgment. On July 9, 2010, the trial court granted the motion for summary judgment.

{¶5} King timely filed a notice of appeal. He raises seven assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

"THE TRIAL COURT JUDGE ABUSED HIS DISCRETION BY FAILING TO RECUSE HIMSELF FROM THE CASE DUE TO JUDICIAL BIAS."

{¶6} King contends that the trial judge abused his discretion by failing to recuse himself due to judicial bias. Ordinarily, matters pertaining to judicial bias may only be heard by the Chief Justice of the Ohio Supreme Court or his or her designees. *Catanzarite v. Boswell*, 9th Dist. No. 24184, 2009-Ohio-1211, at ¶8, quoting *Conti v. Spitzer Auto World Amherst, Inc.*, 9th Dist. No. 07CA009121, 2008-Ohio-1320, at ¶24. Because the former Chief Justice of the Ohio Supreme Court has already determined that disqualification was not warranted, we are without jurisdiction to address this assignment of error.

{¶7} On June 3, 2010, King filed a request for disqualification pursuant to R.C. 2701.03 with the Ohio Supreme Court. This request was denied by Chief Justice Brown on June 14, 2010. King's arguments on appeal consist of the same allegations for removing the trial judge as those set forth in the motion Chief Justice Brown overruled. As noted by the Fourth and Seventh Districts in similar matters, this court is without jurisdiction to grant the relief he seeks: "We are being asked, in essence, to overrule the determinations made by [the] Chief Justice []. We decline. This Court is without authority to review a judicial disqualification which has been decided by the Chief Justice." (Citations omitted.) *Tandon v. Tandon* (Apr. 25, 2001), 7th Dist. No. 00-JE-16, at *6, quoting *State v. Wolfe* (June 17, 1996), 4th Dist. No. 95 CA 04, at *8.

{¶8} Because we are without jurisdiction to review a request for judicial disqualification, we decline to address King's first assignment of error.

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT ABUSED [ITS] DISCRETION WHEN IT DENIED KING OF [SIC] THE RIGHT TO CONDUCT MEANINGFUL DISCOVERY IN ACCORDANCE WITH THE RULES OF COURT."

{¶9} King contends that the trial court abused its discretion when it denied him the right to conduct meaningful discovery. We do not agree.

{¶10} "This court generally reviews discovery orders for an abuse of discretion." *Giusti v. Akron Gen. Med. Ctr.*, 178 Ohio App.3d 53, 2008-Ohio-4333, at ¶12. Abuse of discretion is more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

Initial Motion to Compel

{¶11} First, King argues that he was prejudiced when the trial judge denied his initial motion to compel. He bases this argument on the fact that he served interrogatories and a request for production of documents on June 25, 2009, and the defendants did not respond to these requests until August 14, 2009. The record indicates that on July 10, 2009, the defendants, pursuant to Loc.R. 7.13, certified that a 21-day leave to plead or otherwise respond to King's complaint was necessary. Thus, the defendants' response dated August 14, 2009, was timely. This portion of King's second assignment of error is overruled.

Business Records Request

{¶12} Next, King argues that he was denied effective discovery by the trial judge's refusal to compel discovery of certain business records. He contends on appeal that he "had reason to believe that the disciplinary records sought would have demonstrated the pattern [of the] alleged discrimination." King filed his initial motion to compel on August 27, 2009, prior to the filing of his amended complaint, which added claims for gender discrimination, wrongful

termination in violation of public policy, and negligent hiring, retention and supervision. Despite the fact that King had not yet filed any claims alleging discriminatory conduct or improper termination, King submitted requests for *all* disciplinary records for *all* Rubber City employees assigned to the Copley Road location during his tenure of employment. Rubber City, Emerick, Gengler, Shaw and Wheeler responded in opposition and moved for a protective order. They asserted in their motion that King's request was overly broad because King had not asserted "any type of claim whereby he is required to prove that he was treated less favorably than another similarly situated employee." On December 21, 2009, the trial court entered an order detailing a confidentiality stipulation and protective order between the parties. The next day, the trial court ruled on several pending motions, including King's motion to compel discovery. The trial court found King's motion to compel to be moot due to "the parties' entry of a stipulated protective order following the December 17, 2009 pretrial." Thus, it appears that the trial court believed that the discovery problems were resolved by the confidentiality stipulation and protective order and that no further action on the part of the trial court was necessary. King did not disabuse the trial court of this notion. If King was continuing to have a problem receiving discovery after the trial court found his motion to compel to be moot, King's remedy was to first attempt to resolve the problem with the other parties, see Civ.R. 37(E), and then if that failed, to bring the issue to the trial court's attention via an appropriate mechanism, such as another motion to compel. Civ.R. 37(A)(2). As King failed to do that, we cannot say that the trial court abused its discretion in failing to grant his motion to compel. Thus, this portion of King's second assignment of error is overruled.

<u>Refusal to Provide Transcripts</u>

**{¶13}** Finally, King argues that the trial court erred when it denied his motion to provide transcripts of the depositions at no cost to King. On January 4, 2010, King served notice of depositions upon written questions of several Rubber City employees. King appointed Rubber City employee Anne Base to serve as the officer over the depositions. Ms. Base hired a court reporter to transcribe the answer of each witness to the deposition questions King had submitted in writing. King was subsequently provided the name and address of the court reporter and was informed that he could obtain a copy of the transcripts for a nominal fee. On April 9, 2010, King filed a motion to compel the defendants to provide a copy of the transcript at no cost to King. The trial court denied the motion and found that Rubber City had complied with Civ.R. 30(C) and was under no obligation to provide a copy of the transcript to King.

**{¶14}** Under Civ.R. 31(B), the officer designated in the notice to take deposition upon written questions may proceed "in the manner provided by Rule 30(C), (E), and (F), to take the testimony of the witness in response to the questions * * *." Civ.R. 30(C) provides that the officer must put the witness on oath or affirmation and either personally, or by someone acting under the officer's direction and in the officer's presence, record the testimony of the witness. The rule further provides that the "testimony shall be taken stenographically or recorded by any other means designated in accordance with" Civ.R. 30. Id. Civ.R. 30(F)(2) further provides that "[u]pon payment, the officer shall furnish a copy of the deposition to any party or to the deponent."

**{¶15}** Here, the trial court properly concluded that Rubber City and Ms. Base complied with Civ.R. 30. King has failed to demonstrate that the trial court's decision was unreasonable,

arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219. Thus, King's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

"THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT TO RUBBER CITY, EMERICK, GENGLER, AND WHEELER WHEN THE COURT CONSIDERED A DEPOSITION TRANSCRIPT THAT WAS NOT AUTHENTICATED BY THE COURT REPORTER AT THE TIME THE MOTION FOR SUMMARY JUDGMENT WAS FILED WITH THE COURT."

{¶16} In his third assignment of error, King contends that the trial court erred when it considered a deposition transcript not properly authenticated when it ruled on the motion for summary judgment. In other words, he argues that the trial court erred when it denied his motion to strike the deposition transcript. "'A trial court's decision to grant [or deny] a motion to strike will not be overturned on appeal absent an abuse of discretion.'" *Nationwide Life Ins. Co. v. Kallberg,* 9th Dist. No. 06CA008968, 2007-Ohio-2041, at ¶20, quoting *Matthews v. D'Amore,* 10th Dist. No. 05AP-1318, 2006-Ohio-5745, at ¶25.

{¶17} Civ.R. 56(C) controls the materials that a court may consider when it determines whether summary judgment is appropriate. It states:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."

{¶18} Civ.R. 30(F) governs depositions and provides:

"(1)(a) Upon request of any party or order of the court, the officer shall transcribe the deposition. * * * The officer shall certify on the transcribed deposition that the witness was fully sworn or affirmed by the officer and that the transcribed deposition is a true record of the testimony given by the witness."

{¶19} King correctly notes that a deposition transcript must be authenticated before it can be considered as legally acceptable evidence for summary judgment purposes. *Putka v.*

*Parma* (1993), 90 Ohio App.3d 647, 649. If a document is not of the type enumerated in Civ.R. 56(C), a trial court may consider that document when ruling on a motion for summary judgment if there is no objection. *Wayne Sav. Community Bank v. Gardner*, 9th Dist. No. 08CA0016, 2008-Ohio-5926, at ¶17, citing *Richardson v. Auto-Owners Mut. Ins. Co.*, 9th Dist. No. 21697, 2004-Ohio-1878, at ¶29. King, however, made a timely objection.

{¶20} Here, Rubber City contends that although the original filing was not properly authenticated, a properly authenticated deposition transcript was filed with the court prior to the trial court's ruling on summary judgment. Rubber City emphasizes that current case law has focused on the fact that properly authenticated deposition transcripts must be filed *before the trial court's consideration* of the motion for summary judgment. See, e.g., *Putka*, 90 Ohio App.3d at 649; *Trimble-Weber v. Weber* (1997), 119 Ohio App.3d 402, 407. King has pointed to no authority that suggests that authentication must take place *before a party's initial filing* of a dispositive motion.

{¶21} In *Armaly v. City of Wapakoneta*, 3d Dist. No. 2-05-45, 2006-Ohio-3629, a similar argument was made. There, the moving party filed unauthenticated deposition transcripts in support of the motion for summary judgment. Id. at ¶18. Prior to the court's ruling, the moving party filed properly authenticated transcripts. Id. However, the filing occurred after the date set by the court for all materials to be filed. As a result, the trial court refused to consider them. Id. at ¶23. The Third District found that the trial court did not abuse its discretion by refusing to consider the deposition transcripts. Id.

{¶22} Here, there is no indication that Rubber City attempted to authenticate the deposition transcript outside of a date set by the trial court. In the trial court's ruling denying King's motion to strike, it determined that the depositions were properly authenticated. King has

failed to demonstrate that the trial court's denial of the motion to strike was an abuse of discretion. *Blakemore,* 5 Ohio St.3d at 219. Thus, the trial court properly considered the deposition in its ruling granting the motion for summary judgment. King's third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

"THE TRIAL COURT COMMITTED REVERSI[]BLE ERROR BY CONSIDERING HEARSAY EVIDENCE IN RUBBER CITY'S MOTION FOR SUMMARY JUDGMENT."

{¶23} In his fourth assignment of error, King contends that the trial court erred when it considered statements contained in affidavits attached to Rubber City's motion for summary judgment. We do not agree.

{¶24} Pursuant to Civ.R. 56(C), only certain evidence and stipulations, as set forth in that section, may be considered by the court when deciding a motion for summary judgment. Specifically, the court is only to consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact." Civ.R. 56(C). However, the trial court may consider a type of document not expressly mentioned in Civ.R. 56(C) if such document is "incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." *Modon v. Cleveland* (Dec. 22, 1999), 9th Dist. No. 2945-M, at *2, citing *Bowmer v. Dettelbach* (1996), 109 Ohio App.3d 680, 684.

{¶25} Civ.R. 56(E) states, in pertinent part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. * * *" To satisfy this requirement, the affidavit

must contain a statement that the attachments are true copies or reproductions. *State ex rel. Corrigan v. Seminatore* (1981), 66 Ohio St.2d 459, 467. Here, the attachments to Gengler's affidavit were incorporated and referenced in the properly framed affidavit pursuant to Civ.R. 56(E). Gengler's affidavit states that it was made upon her personal knowledge and that each attachment was a true and accurate copy of the written statements she personally collected.

{¶26} Nonetheless, King argues that Gengler's affidavit failed to comport with Civ.R. 56(E) because it referenced statements made by other employees that he contends constituted inadmissible hearsay evidence. Rubber City argues, however, that the handwritten statements were properly authenticated and referenced in Gengler's affidavit. Here, nothing in the record indicates that King objected to the alleged improperly introduced materials. "[I]f the opposing party fails to object to improperly introduced evidentiary materials, the trial court may, in its sound discretion, consider those materials in ruling on the summary judgment motion*." Christe v. GMS Mgt. Co., Inc.* (1997), 124 Ohio App.3d 84, 90. Thus, it was within the trial court's discretion to consider any alleged improperly-brought documents where King failed to raise an objection to these documents. See *Dunigan v. State Farm Mut. Auto Ins. Co.*, 9th Dist. No. 03CA008283, 2003-Ohio-6454, at ¶16.

{¶27} We conclude that the trial court could properly consider the affidavit and the attachments thereto. King's fourth assignment of error is overruled.

### ASSIGNMENT OF ERROR V

"THE TRIAL COURT WAS WITHOUT JURISDICTION TO HEAR THE MOTION FOR SUMMARY JUDGMENT FILED BY MCDONALD'S, AS IT WAS NOT FILED WITHIN THE TIME CONSTRAINTS AUTHORIZED BY THE RULES OF COURT."

{¶28} In his fifth assignment of error, King contends that the trial court was without jurisdiction to hear McDonald's motion for summary judgment as it was not filed prior to the deadline for responsive pleadings. We do not agree.

{¶29} Civ.R. 56 provides, in pertinent part:

"(A) For party seeking affirmative relief

"A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. A party may move for summary judgment at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party, or after service of a motion for summary judgment by the adverse party. * * *

"(B) For defending party

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court."

{¶30} King relies on Civ.R. 56(A) for his contention that, because the time period for responsive pleadings had not yet expired, McDonald's motion for summary judgment was premature and thus the trial court was without jurisdiction to consider it. However, McDonald's was the defending party in the lower court. As a result, the time limits contained in Civ.R. 56(B) are applicable. "Under Civ.R. 56(B), a defending party may move at any time, with or without supporting affidavits, for summary judgment." *Huge v. Columbia Twp. Bd. of Trustees* (Sept. 19, 1990), 9th Dist. No. 90CA004813, at *1. Thus, the trial court had jurisdiction to consider McDonald's motion for summary judgment. King's fifth assignment of error is overruled.

**ASSIGNMENT OF ERROR VI**

"THE TRIAL COURT WAS WITHOUT JURISDICTION TO ENTERTAIN THE MOTION FOR SUMMARY JUDGMENT FILED BY MCDONALD'S AS

THEY DID NOT SEEK LEAVE TO FILE A SUMMARY JUDGMENT MOTION AFTER THE COURT ALREADY SET A PRETRIAL HEARING IN THIS MATTER."

**{¶31}** In his sixth assignment of error, King contends that the trial court was without jurisdiction to hear McDonald's motion for summary judgment because the pretrial hearing had already been scheduled and McDonald's did not seek leave to file the motion. We do not agree.

**{¶32}** When a defendant files a motion for summary judgment after the case has been set for trial or pretrial, Civ.R. 56(B) requires merely that the defendant obtain "leave of court." There is no language to suggest that leave must be sought or obtained prior to filing the motion for summary judgment. "In fact, it has been held that the trial court may grant leave by ruling on the merits of the summary judgment motion." *Smith v. Capriolo* (Apr. 11, 2001), 9th Dist. No. 19993, at *1 citing *Woodman v. Tubbs Jones* (1995), 103 Ohio App.3d 577, 582. In addition, the record demonstrates that McDonald's did seek such leave from the trial court and the trial court granted leave for McDonald's to file the motion for summary judgment instanter. King has failed to demonstrate that McDonald's motion for summary judgment was not properly before the trial court. His sixth assignment of error is overruled.

## ASSIGNMENT OF ERROR VII

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY IGNORING KING'S REQUEST TO ALLOW DISCOVERY TO DETERMINE WHETHER OR NOT THERE WAS AN AGENCY RELATIONSHIP BETWEEN MCDONALD'S AND RUBBER CITY."

**{¶33}** In his seventh assignment of error, King contends that the trial court erred when it denied his request to allow discovery to determine whether there was an agency relationship between McDonald's and Rubber City. Essentially, King contends that the trial court erred when it failed to grant a continuance under Civ.R. 56(F). We do not agree.

**{¶34}** Civ.R. 56(F) provides:

"Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

**{¶35}** This Court has stated that "[t]he affidavit requirement is no mere trifle. To obtain a continuance under Civ.R. 56(F), a party must file an affidavit that sets forth why it is unable to present sufficient facts to rebut a motion for summary judgment." *Cessna v. Lone Star Steakhouse & Saloon of Ohio, Inc.* (Nov. 7, 2001), 9th Dist. No. 20553, citing *Grange Mut. Cas. Co. v. State Auto Mut. Ins. Co.* (1983), 13 Ohio App.3d 217, 217-218. The decision whether or not to grant a Civ.R. 56(F) motion rests within the sound discretion of the trial court. *Tandem Staffing v. ABC Automation Packing, Inc.* (June 7, 2000), 9th Dist. No. 19774, at *4. An abuse of discretion is more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. *Blakemore,* 5 Ohio St.3d at 219.

**{¶36}** After McDonald's filed its motion for summary judgment, King filed his response to the motion for summary judgment. King admits that he did not reference Civ.R. 56(F) in his response, nor did he request a continuance. Instead, he argues that his response gave indication that he was seeking additional discovery "in order to refute the allegations contained within the motion [for summary judgment]." "This Court has previously held: 'If a party fails to file a motion under Civ.R. 56(F), or does not, in their response to a summary judgment motion, show prejudice resulting from failure to receive the discovery requested, that party fails to preserve the issue for appeal.'" *Koballa v. Twinsburg Youth Softball League*, 9th Dist. No. 23100, 2006-Ohio-4872, at ¶42, quoting *Tripp v. Beverly Ent.-Ohio*, Inc., 9th Dist. No. 21506, 2003-Ohio-6821, at ¶69.

**{¶37}** King has failed to preserve the issue for appeal. His response to the motion for summary judgment merely asserted that discovery had not been completed. He did not allege "any resulting prejudice to [his] ability to rebut the summary judgment motion." *Koballa* at ¶43, citing *Tripp* at ¶69. Accordingly, King's seventh assignment of error is overruled.

### III.

**{¶38}** We decline to address King's first assignment of error. King's remaining assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, J.
BELFANCE, P. J.
<u>CONCUR</u>

<u>APPEARANCES</u>:

DERRICK M. KING, pro se, Appellant.

ANN MARIE O'BRIEN, Attorney at Law, for Appellee.

THOMAS R. CROOKES, ERIN L. DICKINSON, and ASHLEY M. MANFULL, Attorneys at Law, for Appellees.