[Cite as *Landpor Contrs., Inc. v. C&D Disposal Tech. L.L.C.*, 2013-Ohio-1436.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LANDPOR CONTRACTORS, INC. | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11-JE-28 |
| | ) | |
| C&D DISPOSAL TECHNOLOGIES, LLC, | ) | OPINION |
| ET AL., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Court of Common
                               Pleas of Jefferson County, Ohio
                               Court Case No: 07CV166

JUDGMENT:                      Reversed and Remanded

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

                               Dated: March 28, 2013

[Cite as *Landpor Contrs., Inc. v. C&D Disposal Tech. L.L.C.*, 2013-Ohio-1436.]
APPEARANCES:

For Plaintiff-Appellee

Atty. Scott Fowler
100 Federal Plaza East
Suite 926
Youngstown, Ohio 44503

Atty. David M. Kupfer
C120 Mountain View Blvd.
Basking Ridge, New Jersey 07920

For Defendants-Appellants

Atty. Gerald P. Duff
320 Howard Street
Bridgeport, Ohio 43912

Interested Parties

Michael A. Steel
11 South Forge St.
Akron, Ohio 44304

Atty. Joseph T. Chapman
Asst. Atty. General
Collections Enforcement
150 E. Gay St., 21st Floor
Columbus, Ohio 43215

Atty. Jane Hanlin
Jefferson County Prosecuting Attorney
16001 S.R. 7
Steubenville, Ohio 43952

Atty. Robert D. Plumby
64 14th St.
Wheeling, WV 26003

Atty. Larry J. McLatchey
65 E. State St., Suite 1800
Columbus, Ohio 43215

Mr. Adam E. Scurti
1235 University Blvd.
Steubenville, Ohio 43952

Atty. Mark Thomas
118 West Main St.
St. Clairsville, Ohio 43950

Atty. Michelle L. Gorman

200 Stanton Blvd., Suite 100
Steubenville, Ohio 43952

DONOFRIO, J.

{¶1} Defendants-appellants, C&D Disposal Technologies, LLC, Crossridge, Inc., and Joseph Scugoza, appeal from a Jefferson County Common Pleas Court judgment awarding summary judgment in favor of plaintiff-appellee, Landpor Contractors, Inc., on Landpor's claims for promissory estoppel and quantum meruit and on appellants' counterclaims for performing work in a negligent and un-workmanlike manner.

{¶2} Landpor is a New Jersey corporation engaged in the business of excavation and site work. C&D, Crossridge, and Scugoza (appellants) are the owners/operators of a landfill in Jefferson County.

{¶3} This case dates back to 2005, when appellants and Landpor entered into an agreement whereby Landpor would perform certain excavation and site work at the landfill. In exchange, appellants would pay Landpor a portion of the net profits from the landfill. The relationship deteriorated between appellants and Landpor. Consequently, Landpor left the landfill site before the work was completed.

{¶4} On March 23, 2007, Landpor filed a complaint against appellants and various other defendants raising claims for promissory estoppel, breach of contract, breach of implied covenant of good faith, quantum meruit, unjust enrichment, and foreclosure of mechanic's lien. Appellants filed a counterclaim asserting that Landpor performed the work in a negligent and un-workmanlike manner causing damage to appellants' property.

{¶5} On appellants' motion, in October 2009, the trial court granted summary judgment to appellants on all claims except for Landpor's promissory estoppel and quantum meruit claims.

{¶6} On October 21, 2010, Landpor filed a motion in limine and for summary judgment seeking an order to bar the trial testimony of Joseph Scugoza as an expert witness and seeking summary judgment on appellants' counterclaim and on its quantum meruit claim. On October 22, Landpor filed a supplemental motion in limine and for summary judgment seeking an order to bar the trial testimony of Mark Edge as an expert witness and seeking summary judgment on its promissory estoppel

claim.

{¶7} In ruling on Landpor's motions, the trial court found, "[t]here is simply no proof that Plaintiff performed the work in a negligent and unworkmanlike manner, so with respect to those claims, there is no genuine issue of material fact." The court went on to find that "granting judgment in this fashion on the counterclaim entitles the Plaintiff to judgment on its claim for *quantum meruit* and its claim for promissory estoppel based on the status of the pleadings in this matter." It found that it was admitted that Landpor did actual work on the landfill and, therefore, was entitled to compensation. As such, the trial court granted summary judgment in favor of Landpor on appellants' counterclaim and dismissed the counterclaim. The court also granted summary judgment to Landpor on its claims of quantum meruit and promissory estoppel stating that proof of actual damages remained an issue to be decided. As to Edge's and Scugoza's testimonies, the court found that the men's credentials and testimony "fall short of what would be required to qualify them as expert witnesses." Therefore, the court sustained the motions in limine to bar their testimony as experts. Finally, the court found that pursuant to Civ.R. 54(B) there was no just reason for delay.

{¶8} Appellants filed a timely notice of appeal on November 2, 2011.

{¶9} Appellants raise four assignments of error, the first of which states:

THE TRIAL COURT VIOLATED C.R. 56 AND L.R. VIII IN CONSIDERING SUMMARY JUDGMENT AGAINST DEFENDANTS' COUNTERCLAIMS. THE PLAINTIFF'S MOTIONS WERE CLEARLY FILED OUT OF TIME. THEY SHOULD BE DENIED AS BEING UNTIMELY.

{¶10} Here appellants argue that Landpor's motions for summary judgment were not timely filed. Therefore, they contend the trial court should have dismissed them. Appellants assert that the Second Amended Final Pretrial Order of March 9, 2009, required the parties to file all dispositive motions by June 15, 2009. Landpor

filed its motions for summary judgment on October 21 and 22, 2010. Appellants further cite to Loc.R. VIII(H), which states that no motion shall be filed within 28 days of the trial date without leave of court. Appellants point out that at the time Landpor filed its motions, the trial was scheduled for November 16, 2010, less than 28 days away, and Landpor did not obtain leave of court to file the motions. Finally, appellants point out that Civ.R. 56(A) also requires a party to obtain leave of court before filing a summary judgment motion when the case has already been set for trial.

{¶11} Civ.R. 56(A) provides that when a case has been set for trial or pretrial, a plaintiff may file a motion for summary judgment only with leave of court. When Landpor filed its motions, trial was set for November 16, 2010. Thus, pursuant to Civ.R. 56(A), Landpor needed leave of court to file its summary judgment motions.

{¶12} When a party files a motion for summary judgment after the case has been set for trial or pretrial, Civ.R. 56 only requires the party to obtain "leave of court." *King v. Rubber City Arches, L.L.C.*, 9th Dist. No. 25498, 2011-Ohio-2240, ¶32. The Rule does not suggest that the party must seek or obtain leave *before* filing the summary judgment motion. *Id.*

{¶13} It is within the trial court's discretion to waive the Civ.R. 56(A) requirement to seek leave before filing a motion for summary judgment after a pretrial or trial has been set. *Adlaka v. Quaranta*, 7th Dist. No. 09-MA-134, 2010-Ohio-6509, ¶18. A trial court may implicitly grant leave to file a summary judgment motion by ruling on the motion's merits. *Carbone v. Austintown Surgery Ctr., L.L.C.*, 7th Dist. No. 09-MA-35, 2010-Ohio-1314, ¶24.

{¶14} There is no record of the conference call Landpor relies on in which the trial court allegedly granted Landpor leave to file its motions. But this is immaterial. The trial court implicitly granted Landpor leave to file its summary judgment motions when it granted the motions. And it was within the court's discretion to do so. Furthermore, appellants had ample time to respond, and did respond, to the motions. Thus, the trial court did not err by entertaining Landpor's motions.

{¶15} Accordingly, appellants' first assignment of error is without merit.

{¶16} Appellants' second and third assignments of error are both governed by the summary judgment standard.

{¶17} In reviewing a trial court's decision on a summary judgment motion, appellate courts apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (7th Dist.1998). Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Flemming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶18} Appellants' second assignment of error states:

GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO DEFENDANTS' COUNTERCLAIMS. THE TRIAL COURT THEREBY VIOLATED C.R. 56 AND ERRED IN GRANTING SUMMARY JUDGMENT AGAINST DEFENDANTS' COUNTERCLAIMS. THE SAME SHOULD BE REVERSED AND REMANDED.

{¶19} Appellants contend here that the trial court should not have granted summary judgment to Landpor on their counterclaims. They claim that the depositions and affidavits before the trial court created numerous issues of material fact to preclude summary judgment. They assert that the trial court improperly weighed the credibility of the witnesses instead of construing the evidence in their favor as the nonmoving party.

**{¶20}** A negligence claim requires the plaintiff to prove: (1) duty; (2) breach of duty; (3) causation; and (4) damages. *Anderson v. St. Francis-St. George Hosp., Inc.*, 77 Ohio St.3d 82, 84, 671 N.E.2d 225 (1996).

**{¶21}** Landpor, as an excavator/contractor, owed appellants a duty to complete the work on the landfill in a workmanlike manner. *Eberly v. Barth*, 3d Dist. No. 4-03-02, 2003-Ohio-2563, ¶5. To prove a breach of this duty, appellants would have to produce evidence that Landpor acted unreasonably and did not exercise the degree of care a member of the construction/excavation trade in good standing in that community would exercise under the same or similar circumstances. *Ohio Valley Bank v. Copley*, 121 Ohio App.3d 197, 205, 699 N.E.2d 540 (4th Dist.1997), citing 2 Restatement of Law 2d, Torts (1965) 73, Section 299A.

**{¶22}** Thus, we must examine the evidence submitted in order to determine if a genuine issue of material fact exists as to appellants' claims.

**{¶23}** In his affidavit, Scugoza stated that Landpor undercut various areas of the landfill in an improper manner and also overcut, or over-excavated, other areas. (Scugoza aff. ¶6). He stated that the areas predominantly affected were the northeastern berm and the southern berm. (Scugoza aff. ¶6). Scugoza averred that this caused damages to C&D. (Scugoza aff. ¶6). He further stated that Landpor's improper work required remediation of the areas involved, which resulted in severe delays in complying with regulatory issues. (Scugoza aff. ¶7). Scugoza averred that the remediation work would not have been necessary had Landpor performed its work correctly. (Scugoza aff. ¶7).

**{¶24}** In his deposition, Scugoza stated that the cell floor was overfilled by two feet based on the surveyor's drawings he had seen. (Scugoza dep. 32). Scugoza further stated that the northeastern berm was undercut. (Scugoza dep. 34). And he stated that someone from Diversified Engineering (DEI) informed him that the cell floor was overfilled and the northeastern berm was undercut although he could not remember who told him. (Scugoza dep. 35). Scugoza stated he had no other knowledge of facts that would tend to prove that Landpor performed its work in

a negligent and un-workmanlike manner.  (Scugoza dep. 38-39).

**{¶25}** Chad VanSickle is a professional engineer and project manager for (DEI), a company that provided survey services and services for record documentation for the landfill.  VanSickle performed initial field survey work and oversaw the record documentation and record drawing for the project.  (VanSickle dep. 21).  VanSickle stated that DEI was not in possession of any documents that evidenced that Landpor's work at the landfill deviated from any maps or surveys or that Landpor's work was performed in a negligent or un-workmanlike manner. (VanSickle dep. 31).  VanSickle further stated that in October 2005, DEI determined that the grade of the landfill did not match the design grades established by URS Corporation (URS), the company that performed quality assurance and design assistance with permitting the facility and the construction quality assurance. (VanSickle dep. 34-35).  However, VanSickle had no specific recollection of how the "tops and toes" of the slopes did not match the design grades.  (VanSickle dep. 36). And while VanSickle stated he understood that Landpor left the landfill site because there was some issue about its work not complying with the engineering plans, he also stated that he could not remember who had told him this information. (VanSickle dep. 39).  Moreover, he was not able to personally verify that any of the work that did not match the design grades on the plans had been performed by Landpor. (VanSickle dep. 40).

**{¶26}** Matthew Owens is a surveyor for DEI.  Owens staked out the landfill cell as to what the grades needed to be and marked the elevations.  (Owens dep. 20).  Owens stated that the toe and top of the slope on the northeast side of the landfill were not built to the design and additional work was needed to meet the design grade.  (Owens dep. 30-31).  Owens stated that he made this determination because he had staked the northeast side and was later called back to check it and do more staking.  (Owens dep. 31).  However, he did not document or photograph this finding.  (Owens dep. 32).  And he could not recall the date that he made this determination.  (Owens dep. 34-35).  Owens admitted it was possible that the stakes

were initially placed in the wrong place. (Owens dep. 32).

**{¶27}** Jay Mokotoff is a project manager/senior engineer for URS. Mokotoff stated that Landpor was supposed to perform cutting and filing at the landfill in accordance with URS's engineering plan. (Mokotoff dep. 21). Mokotoff did not have any knowledge of any work by Landpor that was not performed in accordance with the URS engineering plans. (Mokotoff dep. 21-22). Nor did he have any documents that demonstrated that Landpor's work was performed in a negligent or un-workmanlike manner. (Mokotoff dep. 26-30). Mokotoff initially stated that he recalled that the eastern bank of the landfill was overcut. (Mokotoff dep. 32). However, he then stated that he could not recall if he personally observed this or if it was something that was told to him. (Mokotoff dep. 37-38).

**{¶28}** Thomas Kovacic is a principal civil engineer for URS. He was responsible for budgeting accounts at the landfill but had no direct responsibility for the physical construction. (Kovacic dep. 13). Kovacic reviewed URS's files and found no evidence of Landpor performing its work at the landfill in a negligent or un-workmanlike manner. (Kovacic dep. 17-21).

**{¶29}** Construing this evidence in the light most favorable to appellants, as we are required to do, there is a genuine issue of material fact as to whether Landpor performed its work in a negligent or un-workmanlike manner. While Scugoza may not be qualified as an expert witness, he is still a fact witness in this case. And Scugoza stated that C&D had to perform remediation work to repair damages after Landpor left the landfill site. Additionally, VanSickle stated that DEI determined in October 2005, that the grade of the landfill did not match the design grades established by URS. Moreover, Owens, the surveyor who staked out the landfill cells, stated that the toe and top of the slope on the northeast side of the landfill were not built to the design and additional work was needed to meet the design grade. Owens had personal knowledge of this fact because he had staked the northeast side and was later called back to check it and do more staking.

**{¶30}** While this is not enough evidence to prove that Landpor performed its

work negligently or in an un-workmanlike manner, it is sufficient to create a genuine issue of material fact so as to survive summary judgment. Consequently, summary judgment was not proper here.

{¶31} Accordingly, appellants' second assignment of error has merit.

{¶32} Appellants' third assignment of error states:

GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO PLAINTIFF'S CLAIMS. THE TRIAL COURT ALSO VIOLATED C.R. 56 AND ERRED IN GRANTING SUMMARY JUDGMENT FOR PLAINTIFF ON ITS CLAIMS OF *QUANTUM MERUIT* AND PROMISSORY ESTOPPEL. THE SAME SHOULD BE REVERSED AND REMANDED.

{¶33} In this assignment of error, appellants argue that the quantum meruit and promissory estoppel claims were solely questions of fact and should not have been matters for summary judgment. They point out that the trial court originally denied Landpor's summary judgment motion on the quantum meruit and promissory estoppel claims. Appellants assert that Landpor's actions in negligently failing to perform the work in a workmanlike manner constituted both a counterclaim and a defense to Landpor's claims.

{¶34} The elements necessary for a promissory estoppel claim are (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise is made, and (3) injury by the reliance by the party claiming estoppel. *Cohen & Co. v. Messina*, 24 Ohio App.3d 22, 26, 492 N.E.2d 867 (8th Dist.1985).

{¶35} A party may recover on a quantum meruit claim where unjust enrichment would result if the recipient of a benefit retained the benefit without paying for it. *Presutti v. Pyrotechnics by Presutti*, 7th Dist. No. 02-BE-49, 2003-Ohio-2378, ¶26. Unjust enrichment exists when the plaintiff demonstrates: (1) a benefit to the defendant conferred by the plaintiff; (2) knowledge by the defendant of the

benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984).

**{¶36}** The trial court found that because there was no genuine issue of material fact as to appellants' claim that Landpor performed its work in a negligent or un-workmanlike manner, then it was admitted that Landpor did work on the landfill and was entitled to be compensated for its work. But since there is a genuine issue of material fact as to whether Landpor performed its work in a negligent or un-workmanlike manner, this also creates a genuine issue of material fact as to Landpor's claims for promissory estoppel and quantum meruit. If in fact Landpor performed its work in a negligent or un-workmanlike manner, then its recovery for payment of that work would be affected. As such, summary judgment was not proper on Landpor's promissory estoppel and quantum meruit claims.

**{¶37}** Accordingly, appellants' third assignment of error has merit.

**{¶38}** Appellants' fourth assignment of error states:

THE TRIAL COURT ERRED IN DISQUALIFYING TWO OF THE DEFENDANTS-APPELLANTS' EXPERTS UNDER EVID.RULE 702. ONE SUCH EXPERT IS A LICENSED PROFESSIONAL ENGINEER.

**{¶39}** Appellants claim here that the trial court erred in disqualifying Mark Edge and Joseph Scugoza as experts.

**{¶40}** A motion in limine seeks only a preliminary ruling. As such, the proponent of the evidence must move the court to admit the evidence at trial, whereas the party opposing the evidence must object at that time in order to properly preserve the question for appeal. *Potts v. Cinemark, Inc.*, 7th Dist. No. 02-CA-173, 2003-Ohio-7110, ¶9. Generally, a ruling on a motion in limine is not a final, appealable order. *Gable v. Gate Mills*, 103 Ohio St.3d 449, 2004-Ohio-5719, 816 N.E.2d 1049, ¶34.

**{¶41}** We have determined that genuine issues of material fact exist in this

case and that summary judgment was not appropriate. Thus, this case will proceed in the trial court. The court's ruling disqualifying Edge and Scugoza as experts is only a preliminary ruling that it may change at trial. Hence, this issue is not yet ripe for review.

**{¶42}** Accordingly, appellants' fourth assignment of error does not present a final, appealable order.

**{¶43}** For the reasons stated above, the summary judgment is hereby reversed and the matter is remanded for further proceedings.

Vukovich, J., concurs.

Waite, J., concurs.