[Cite as *Colopy v. Children's Hosp. Med. Ctr.*, 2020-Ohio-1205.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| TARA MARIE COLOPY | C.A. No.    29565 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHILDREN'S HOSPITAL MEDICAL CENTER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.    CV-2019-05-1826 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2020

CALLAHAN, Presiding Judge.

{¶1}    Appellant, Tara Colopy, appeals an order of the Summit County Court of Common Pleas that granted summary judgment to Children's Hospital Medical Center. This Court affirms in part and reverses in part.

I.

{¶2}    Ms. Colopy sued Children's Hospital Medical Center ("the Hospital") as the purported representative of a class, asserting claims for breach of contract, breach of a covenant of good faith and fair dealing, unjust enrichment, and violation of the Ohio Consumer Sales Practices Act. She also sought a declaration that the Hospital's billing practices were illegal and requested that the trial court impose a constructive trust upon funds collected under the billing practices that she challenged. The Hospital moved for summary judgment, maintaining that Ms. Colopy's claims were compulsory counterclaims that should have been raised in a previous case and, therefore, that her claims were barred by application of res judicata. Ms. Colopy responded

in opposition, arguing that the Hospital was not entitled to summary judgment based on application of res judicata. The Hospital also moved, in the alternative, for a stay of proceedings pending the resolution of the prior case.

{¶3} The trial court granted summary judgment to the Hospital. In doing so, the trial court concluded that Ms. Colopy's claims were compulsory counterclaims in the previous action, granted summary judgment to the Hospital on that basis, and declined to address the application of res judicata. Ms. Colopy appealed, asserting three assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED A MOTION FOR SUMMARY JUDGMENT FILED WITHOUT LEAVE AFTER THIS ACTION WAS SET FOR ITS FIRST PRETRIAL IN VIOLATION OF CIV.R. 56(A).

{¶4} In her first assignment of error, Ms. Colopy has argued that the trial court erred by granting the Hospital's motion for summary judgment because the Hospital did not first obtain leave to file the motion under Civ.R. 56(A). This Court does not agree.

{¶5} Under Civ.R. 56(A), "[a] party seeking to recover upon a claim" may file a motion for summary judgment once an action has been set for pretrial or trial only with leave of court. Because the Hospital was the defending party in the trial court, Civ.R. 56(A) does not apply. *See King v. Rubber City Arches, L.L.C.*, 9th Dist. Summit No. 25498, 2011-Ohio-2240, ¶ 30. The same language appears in Civ.R. 56(B), however, and in that context, this Court has concluded that "[t]here is no language to suggest that leave must be sought or obtained prior to filing the motion for summary judgment" and has observed that "'[i]n fact, it has been held that the trial court may grant leave by ruling on the merits of the summary judgment motion.'" *King* at ¶ 32, quoting *Smith v. Capriolo*, 9th Dist. Summit No. 19993, 2001 WL 358387, *2 (Apr. 11, 2001),

citing *Woodman v. Tubbs Jones*, 109 Ohio App.3d 577, 582 (8th Dist.1995). *See also State ex rel. Widmer v. Mohney*, 11th Dist. Geauga No. 2007-G-2776, 2008-Ohio-1028, ¶ 57; *Lachman v. Wietmarschen*, 1st Dist. Hamilton No. C-020208, 2002-Ohio-6656, ¶ 6; *Burke Lakefront Serv. v. Lemieux*, 8th Dist. Cuyahoga No. 79665, 2002-Ohio-4060, ¶ 25.

{¶6} Civ.R. 56(B) did not require the Hospital to obtain leave before filing its motion for summary judgment, and the trial court implicitly granted leave by ruling on the merits of that motion. Ms. Colopy's first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED SUMMARY JUDGMENT ON A CLAIM IT DEEMED A COMPULSORY COUNTERCLAIM IN AN EARLIER ACTION WHICH IS STILL PENDING, UNDER APPEAL AND OTHERWISE NOT ENTITLED TO *RES JUDICATA* EFFECT.

{¶7} Ms. Colopy's second assignment of error is that the trial court erred by granting summary judgment to the Hospital based solely on the conclusion that her claims were compulsory counterclaims in the first action without addressing res judicata. This Court agrees.

{¶8} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civ.R. 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10. The substantive law underlying the claims provides the framework for reviewing motions for summary judgment, both with respect to whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Burkes v. Stidham*, 107 Ohio App.3d

363, 371 (8th Dist.1995). In this appeal, Ms. Colopy has raised a threshold question: whether the trial court considered the Hospital's motion for summary judgment using the correct law.

{¶9} Civ.R. 13(A) requires that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." The Rule requires that "[a]ll existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit * * * no matter which party initiates the action." *Retting Ents., Inc. v. Koehler*, 68 Ohio St.3d 274 (1994), paragraph one of the syllabus.

{¶10} When Civ.R. 13(A) requires the assertion of a counterclaim in an action, the effect of the Rule is to make the action one based not only upon the claims asserted, but upon those counterclaims that should have been asserted. *See Horne v. Woolever*, 170 Ohio St. 178 (1959), paragraph two of the syllabus (interpreting Fed.R.Civ.P. 13). *See also Broadway Mgt., Inc. v. Godale*, 55 Ohio App.2d 49, 50 (9th Dist.1977) (applying *Horne* to cases involving Civ.R. 13(A)). When a defendant fails to assert a compulsory counterclaim under Civ.R. 13(A) in an action, a final judgment on the merits in that action will bar those claims in any subsequent action under the doctrine of res judicata. *See Horne* at 181 and paragraph three of the syllabus. *Compare Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus ("A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.").

{¶11} In this case, the trial court determined that Ms. Colopy's claims were compulsory counterclaims under Civ.R. 13(A). Ms. Colopy has not challenged that conclusion on appeal, so

this Court need not review the merits of that decision. Having concluded that her claims were compulsory counterclaims, however, the trial court granted the Hospital's motion for summary judgment based solely on that determination. With respect to res judicata, the trial court wrote:

> [The Hospital] next argues [Ms.] Colopy's claims are barred by the doctrine of *res judicata* as [Ms.] Colopy ha[d] the opportunity to raise these claims in the previous collections action, but failed to do so. Based upon the Court's findings as set forth above, this Court declines to address the argument of *res judicata*.

(Emphasis in original.) Under *Horne*, however, res judicata bars litigation of compulsory counterclaims in a subsequent action once there has been a final judgment on the merits in the first action. *See Horne* at 181 and paragraph three of the syllabus. It was error, therefore, for the trial court to grant the Hospital's motion for summary judgment based solely on the conclusion that Ms. Colopy's claims were compulsory counterclaims in the first action without considering whether they were res judicata in the second.

{¶12} This Court notes that our conclusion in this regard is limited to the argument that Ms. Colopy has made in this appeal—namely, that the trial court failed to consider whether there had been a final judgment in the first action. Ms. Colopy's second assignment of error is sustained on that basis.

**ASSIGNMENT OF ERROR NO. 3**

> THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT VIOLATED THE OPEN COURTS PROVISION OF THE OHIO CONSTITUTION BY REFUSING TO ALLOW MS. COLOPY A FORUM TO PRESENT HER CLAIMS.

{¶13} In her third assignment of error, Ms. Colopy has argued that by granting summary judgment to the Hospital based on the determination that her claims were barred by application of res judicata, the trial court denied her right to access the courts under Ohio Constitution, Article I,

Section 16. This assignment of error is moot in light of this Court's disposition of her second assignment of error. *See* App.R. 12(A)(1)(c).

### III.

**{¶14}** Ms. Colopy's first assignment of error is overruled. Her second assignment of error is sustained. Her third assignment of error is moot. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment affirmed in part<br>
reversed in part,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶15} I concur in the majority's judgment as I agree that Ms. Colopy's first assignment of error is properly overruled and that her second assignment of error should be sustained. Given that disposition, I concur that her third assignment of error is not properly before us.

{¶16} With respect to Ms. Colopy's first assignment of error, it should be noted that she limited her argument to whether the trial court violated Civ.R. 56(A). As the majority correctly points out, Civ.R. 56(A), by its own language, is inapplicable. Thus, I would end the analysis there. To the extent that the briefing warrants addressing Civ.R. 56(B), I agree that it was not violated. Under Civ.R. 56(B), "[i]f the action has been set for pretrial * * *, [as it was here,] a motion for summary judgment may be made only with leave of court." Thus, leave of court was required. However, by ruling on the motion for summary judgment, the trial court implicitly granted leave for the filing of the motion. *See King v. Rubber City Arches, L.L.C.,* 9th Dist. Summit No. 25498, 2011-Ohio-2240, ¶ 32.

{¶17} As to Ms. Colopy's second assignment of error, while the trial court expressly stated it was not addressing res judicata, it, in essence, *applied* res judicata to Ms. Colopy's claims; it concluded that the claims were compulsory counterclaims pursuant to Civ.R. 13(A) and that she

could not "relitigate her claims in the instant action where she failed to bring them as a counterclaim in the previously filed collections action." This Court has stated that "Civ.R. 13(A) generally requires a compulsory counterclaim to be filed with the answer. The failure to do so constitutes res judicata *once the original action reaches a final judgment*." (Internal citations omitted and emphasis added.) *First Natl. Bank of Pennsylvania v. Nader*, 9th Dist. Medina No. 16CA0004-M, 2017-Ohio-1482, ¶ 62. As the trial court made no determination that the first action ended in a final judgment on the merits, the trial court erred in granting summary judgment to the Hospital.

APPEARANCES:

DEAN S. HOOVER, Attorney at Law, for Appellant.

MARK I. WALLACH and JAMIE A. PRICE, Attorneys at Law, for Appellee.