DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Amanda Trego Alarcon appeals the decision of the Lorain County Court of Common Pleas granting Appellee The Sail and Power Boat Center's motion for summary judgment on Appellant's claims of negligence and negligent entrustment. We affirm.
 {¶ 2} On February 25, 2003, Appellant filed a complaint against multiple defendants, including The Sail and Power Boat Center ("Appellee"), its parent company Atwood, Jeffrey Piorkowski, and Mark Rasanow, for a boating accident that occurred on August 1, 1998. At the time of the accident, Appellant was a passenger on a personal watercraft ("waverunner") driven by Piorkowski, and rented to him by Appellee. Mark Rasanow was the driver of the boat with which the waverunner collided. On March 25, 2003, Piorkowski was dismissed from the action by Appellant. On August 14, 2003, Appellee moved for summary judgment on Appellant's claims of negligence and negligent entrustment, and the trial court granted the motion on June 2, 2004. We affirm.
 Facts {¶ 3} On August 1, 1998, Appellant and Jeffrey Piorkowski were visiting a campsite at West Branch State Park with a group of friends. Appellant and Piorkowski had never met prior to this date. About 6:00 pm, they decided to rent a waverunner, which is similar to a jet ski, from Appellee rental center. Piorkowski filled out the rental agreement giving his name, address and driver's license number, and indicating on the form that he understood how to operate the waverunner, that he understood basic rules of boating, and that he had been instructed regarding the use of life jackets. The two were taken to the dock where the waverunner was parked, and were instructed briefly about how to operate it. Piorkowski made several unsuccessful attempts to board the waverunner before he did so successfully. Eventually, Piorkowski drove the waverunner out of the docking area and onto the lake with Appellant on the back as a passenger.
 {¶ 4} Although the operation of the waverunner proved difficult with two people on board, as the employee at Appellee rental center had warned that it would, Piorkowski and Appellant became more confident as time passed, and they drove around the lake without incident for over an hour. As the sun was setting and was shining in the eyes of Piorkowski, who was not wearing sunglasses, Piorkowski drove west toward the end of the lake. It is unclear from the record how fast he was traveling. As he proceeded, he suddenly observed a large wake immediately before him, and turned sharply to his right to avoid it. As he did so, he struck a boat being piloted by Mark Rasanow and both Piorkowski and Appellant were ejected from the waverunner. Piorkowski did not look to his right before he turned, and he had not seen Rasanow's boat. Both Appellant and Piorkowski suffered injuries in the accident. Appellant then filed suit against Appellee for negligence and negligent entrustment.
 {¶ 5} Appellant now raises one assignment of error:
 FIRST ASSIGNMENT OF ERROR
"The trial court erred by granting summary judgment to [Appellee], The Sail and Power Boat Center, Inc."
 {¶ 6} Appellant argues that the trial court erred in granting Appellee's motion for summary judgment, and urges this court to find that there were issues of fact with respect to the questions of Appellee's alleged acts of negligence and negligent entrustment. We disagree.
 {¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267.
Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491,609 N.E.2d 1272. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts that demonstrate that a genuine issue exists for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows that a genuine dispute over the material facts exists. Henkle v. Henkle
(1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791.
 {¶ 8} Appellant has divided her assignment of error into the following two subparts:
"1. Whether the trial court erred in granting [Appellee's] Motion for Summary Judgment on the issue of duty, breach of duty, and proximate causation of [Appellant's] injuries.
"2. Whether the trial court erred in granting [Appellee's] Motion for Summary Judgment on the issue of Negligent Entrustment"
We will address the issues of negligence and negligent entrustment separately.
 I. Negligence {¶ 9} In order to support a claim of negligence, a plaintiff must show, "(1) the existence of a duty, (2) a breach of [that] duty, and (3) an injury proximately resulting therefrom."Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,2003-Ohio-2573, at ¶ 8, citing Menifee v. Ohio Welding Prod.,Inc., (1984), 15 Ohio St.3d 75, 77, 472 N.E.2d 707. At issue in this case is the existence of the duty by Appellee to Appellant. The existence of a duty is a question of law for the court to decide. See Williams v. Garcias (Feb. 7, 2001), 9th Dist. No. 20053, at *2.
 {¶ 10} Appellant has provided no support for the argument that Appellee owed Appellant any sort of duty. Appellant was not the individual to whom the waverunner was rented. Had Appellant herself been renting the waverunner, there is no evidence that Appellee would have owed her any duty beyond ensuring that the waverunner was in proper working order,[1] and that there were no visible impediments to Appellant's operating it. Moreover, Appellant admitted in her affidavit that she signed the same form Piorkowski signed when he rented the waverunner. The form indicated that the individual renting the waverunner understood its operation and that he absolved the State of Ohio and its concessionaries of any liability arising from the watercraft rental.
 {¶ 11} Appellant's only support for her position that Appellee owed her a duty is the affidavit of Captain James A. Wilson, a Coast Guard Captain who, by his own admission, is trained in and familiar with the federal — not state — maritime laws. In his affidavit, Captain Wilson says that the Personal Watercraft Industry Association has produced a seven-minute video about the rules of boating and water safety. This video, he explains, is used by numerous boat rental companies to instruct their customers in the proper use of the boats they seek to rent. However, this in no way creates a duty for Appellee to use the video. There is no law that the video be used, nor is the assertion that "numerous" rental companies use the video any indication that use of the video by rental companies is the industry standard. Because Appellant cannot cite any statutory duty owed her by Appellee, nor can she find support in the common law, her negligence claim must fail.
 {¶ 12} Even if Appellant had been able to demonstrate that Appellee owed her a duty, she would not be able to show that the alleged breach of such a duty proximately caused her injuries. Appellant argues that the employees of Appellee rental center were not trained in boating safety, which purportedly constitutes a breach of the duty owed to the customers and thereby to Appellant, and that the employees' lack of training proximately caused Appellant's injuries. Appellant still has not demonstrated that any duty existed for Appellee to train its employees in a particular manner. Even if such an argument could be made, the training or lack of training of Appellee's employees in no way caused Appellant's injuries. Appellee's employees were not operating the waverunner when the accident occurred, nor did they cause Piorkowski to turn into the path of Rasanow's boat after Piorkowski had operated the waverunner without incident for over an hour.
 {¶ 13} Appellant has not satisfied her reciprocal burden under Dresher to demonstrate that a genuine issue of material fact exists with respect to the negligence claim, and particularly the duty element. The trial court properly granted Appellee's motion for summary judgment on this count.
 II. Negligent Entrustment {¶ 14} The owner of a motor vehicle may be liable for an injury to a third party on the grounds of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from the known facts and circumstances, entrusts its operation to an inexperienced or incompetent person whose negligent operation causes the injury. Gulla v. Straus (1950),154 Ohio St. 193, 93 N.E.2d 662, paragraph three of the syllabus. In an action for negligent entrustment, the plaintiff has the burden of proving that: (1) the vehicle was driven with the owner's permission; (2) the entrustee was in fact an incompetent driver; and (3) the owner knew at the time of the entrustment that the entrustee was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply that the owner had knowledge of the incompetency. Id. at paragraph five of the syllabus.
 {¶ 15} The Supreme Court of Ohio has never applied the doctrine of negligent entrustment to the lending or borrowing of boats. Only one Ohio appellate court has done so, and the case involved parents who had allowed their child to drive the family boat. See Sebasta v. Holtsberry (Aug. 17, 2000), 5th Dist. No. 00CA00018. Appellant has given no support for the argument that the negligent entrustment theory should apply outside of the context of an automobile owner's lending his car.
 {¶ 16} Were such an argument to be made, Appellant would not succeed in satisfying the elements of a negligent entrustment claim. Although it is clear that Piorkowski had Appellee's permission to drive the waverunner, there is no evidence that Piorkowski was truly an incompetent driver or that Appellee should have known about Piorkowski's alleged incompetence.
 {¶ 17} According to the depositions in this case, Appellee's employee did not request to see Piorkowski's driver's license before renting the waverunner to him. Appellant contends that Appellee should have requested to see Piorkowski's driver's license instead of allowing him to write the license number on the rental form without verification. She further contends that the rental company would have discovered that he could not produce his license, which was under suspension for driving under the influence at the time he rented the waverunner. Apparently, this realization should have caused Appellee to refuse to rent to Piorkowski, who was by all appearances quite sober on August 1, 1998.
 {¶ 18} Appellant's negligent entrustment argument fails for several reasons. First, there is no requirement that an individual born before 1982 have a license of any type to operate a boat on the waterways in Ohio. Even if Piorkowski were asked for his driver's license on August 1, 1998, and had been unable to produce it, this would not have created any legal obstacle to Appellee's renting the waverunner to him. Moreover, even if Appellee had an internal policy that employees should inspect a customer's driver's license before renting to him, a failure to do so would not amount to any sort of negligence, nor would it imply constructive knowledge on the part of Appellee regarding Piorkowski's alleged incompetence.
 {¶ 19} Second, a driver's license, which is simply documentation of permission to operate an automobile, is not definitive evidence of competence to operate an automobile. It is especially not evidence of competence to operate a boat. Conversely, a lack of a driver's license is not definitive evidence of a lack of competence to operate an automobile or a boat. Virtually nothing would have been proven had Jeff Piorkowski been asked for his driver's license on August 1, 1998, except that he did not have it in his possession.
 {¶ 20} Finally, Appellant herself was privy to the same information as was Appellee's employee regarding Piorkowski's lack of experience in operating a waverunner. Nevertheless, she chose to board the waverunner behind Piorkowski and ride around the lake with him, without incident, for over an hour before this accident. Apparently, she did not consider him incompetent to operate the equipment regardless of his lack of experience, and her opinion did not change until the accident. Clearly the accident that occurred after the rental of the waverunner does not constitute incompetence of which Appellee should have had knowledge at the time the rental occurred.
 {¶ 21} Appellant has been unable to support her claim that Appellee negligently entrusted the waverunner to Piorkowski. The trial court properly granted Appellee's motion for summary judgment on the negligent entrustment claim.
 {¶ 22} Appellant's sole assignment of error is without merit, and is overruled. We affirm the decision of the trial court granting summary judgment in favor of Appellee.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, P.J. Boyle, J. Concur.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to § 6(C), Article IV, Constitution.)
[1] There is some discussion in Appellant's brief about the lack of a horn on the waverunner Piorkowski was given, and whether that was a per se violation of Ohio law. It was not. Ohio Adm. Code 1501.47-2-33(C) reads as follows:
"A vessel that is propelled by human muscular effort, a sailing vessel and a power-driven vessel less than sixteen feet in length, when using waters other than lake Erie, the Ohio river or the Muskingum river, shall not be obligated to carry the sound signaling appliances prescribed in paragraphs (A) and (B) of this rule or produce the sound signals prescribed in rules 1501:47-2-34 and 1501:47-2-35 of the Administrative Code."
Appellee's waverunner was not being operated on the named waterways, and according to the record the waverunner was well under sixteen feet in length.