[Cite as *Harris-Coker v. Abraham*, 2012-Ohio-4135.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

ROWENA HARRIS-COKER

    Appellant

    v.

DANIEL M. ABRAHAM, et al.

    Appellees

C.A. No.     26053

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2010-08-5255

DECISION AND JOURNAL ENTRY

Dated: September 12, 2012

---

CARR, Judge.

**{¶1}** Appellant Rowena Harris-Coker appeals the judgment of the Summit County Court of Common Pleas which granted summary judgment in favor of appellees Daniel and Patricia Abraham. This Court reverses in part.

I.

**{¶2}** Ms. Harris-Coker fell as she ascended the concrete steps leading to her daughter's residence. Her daughter was renting the premises from the Abrahams. Ms. Harris-Coker filed a complaint against the Abrahams, alleging negligence. The Abrahams moved for summary judgment, Ms. Harris-Coker responded in opposition, and the Abrahams replied. The trial court granted summary judgment in favor of the Abrahams. Ms. Harris-Coker appealed, raising three assignments of error for review. The assignments of error have been rearranged to facilitate review.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR [OF] THE DEFENDANT[S] WHEN IT FAILED TO APPLY, MISAPPLIED, OR FAILED TO CONSIDER THE APPLICABLE LAWS.

**{¶3}** Ms. Harris-Coker argues that the trial court erred by granting summary judgment to the Abrahams because it failed to apply or consider the applicable law. This Court agrees.

**{¶4}** This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983). However, this Court remains a reviewing court. As such, this Court will not consider the issues relevant to a motion for summary judgment in the first instance. *Mourton v. Finn*, 9th Dist. No. 26100, 2012-Ohio-3341, ¶ 9, citing *Neura v. Goodwill Industries*, 9th Dist. No. 11CA0052-M, 2012-Ohio-2351, ¶ 19.

**{¶5}** Ms. Harris-Coker argues that the trial court erred by failing to consider her negligence per se argument and by granting summary judgment to the Abrahams solely on the basis of common law negligence.

**{¶6}** To prevail on a claim of negligence, Ms. Harris-Coker must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of duty. *Menifee v. Ohio Welding Prod., Inc.*, 15 Ohio St.3d 75, 77 (1984).

**{¶7}** R.C. 5321.04(A) sets out various duties of a landlord. The breach of some of those duties has been held to constitute negligence per se. Although she did not cite the statute

in her complaint, Ms. Harris-Coker alleged facts relevant to the following two statutory provisions:

> A landlord who is a party to a rental agreement shall do all of the following: * * * (2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition; (3) Keep all common areas of the premises in a safe and sanitary condition[.]

R.C. 5321.04(A)(2) and (3). Moreover, she argued in support of her claim of negligence per se in her brief in opposition to the Abrahams' motion for summary judgment. The trial court, however, failed to analyze the issue of negligence per se in its judgment entry. Accordingly, we are compelled to reverse and remand the matter to the trial court to consider the claim of negligence per se in the first instance. *See Mourton* at ¶ 9.

{¶8} We note, however, that although Ms. Harris-Coker argued in both her brief in opposition to the motion for summary judgment and her appellate brief that the Abrahams violated their duty to "[c]omply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety[,]" pursuant to R.C. 5321.04(A)(1), she did not allege any code violations in her complaint. Accordingly, the trial court did not err by failing to address the issue of negligence per se in regard to this issue.

{¶9} Because the trial court failed to address Ms. Harris-Coker's articulated claims for negligence per se, her second assignment of error is sustained.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED SUMMARY JUDGMENT TO THE DEFENDANTS, AS THE DEFENDANTS FAILED TO MEET THEIR BURDEN, GENUINE ISSUES OF MATERIAL FACTS REMAINED, AND THE COURT FAILED TO PROPERLY CONSIDER ALL THE FACTS BEFORE IT IN THE LIGHT MOST FAVORABLE TO THE PLAINTIFF.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED SUMMARY JUDGMENT TO THE DEFENDANTS, AS THE PLAINTIFF PROVIDED EVIDENCE AS TO EACH ELEMENT OF NEGLIGENCE AND NEGLIGENCE PER SE AND IT WAS NOT NECESSARY FOR PLAINTIFF TO HAVE AN EXPERT WITNESS.

{¶10} Ms. Harris-Coker argues that the trial court failed to consider the evidence in a light most favorable to her as the non-moving party. She further argues that genuine issues of material fact exist in regard to her claims of negligence and negligence per se. She asserts in these arguments, however, that she would or had developed these arguments in other assignments of error. Specifically, while she mentions the open and obvious doctrine and the element of duty in these two assignments of error, she does not develop her arguments in regard to those issues here. Moreover, she asserts in her first assignment of error that she briefed the issue of common area below, but she does not develop that issue in these assignments of error either. Instead, she refers to the arguments she makes in her second assignment of error. Based on our resolution of the second assignment of error, the first and third assignments of error have been rendered moot and we decline to address them. *See* App.R. 12(A)(1)(c).

III.

{¶11} The second assignment of error is sustained. We decline to address the remaining assignments of error. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
CONCURS.

BELFANCE, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶12} I concur with the majority that the award of summary judgment should be reversed because the trial court did not consider Ms. Harris-Coker's per se statutory claims. However, I respectfully dissent from the majority's implicit affirmance of the trial court's award

of summary judgment on Ms. Harris-Coker's claim of common-law negligence because I believe that there still exist genuine issues of material fact.

{¶13} For example, it is unclear whether the steps were an open and obvious hazard. Whether something is open and obvious is determined by the totality of the circumstances. *See Neura v. Goodwill*, 9th Dist. No. 11CA0052-M, 2012-Ohio-2351, ¶ 10. While a person could readily see that the steps contain some chipping and pock marks, there was no testimony that one could observe that the railing was loose. Depending on how loose the railing was, it could greatly increase the hazard of the steps. Therefore, because the record is unclear as to whether Ms. Harris-Coker knew that the railing was loose, viewing the evidence in the light most favorable to her, I would conclude that the hazard posed by the steps was not open and obvious. Accordingly, I dissent in part.

APPEARANCES:

KANI HARVEY HIGHTOWER, Attorney at Law, for Appellant.

ADAM E. CARR, Attorney at Law, for Appellee.