[Cite as *Committe v. Rudolchick*, 2013-Ohio-2373.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| MICHAEL COMMITTE | | C.A. No.    12CA010186 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES RUDOLCHICK, et al. | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | | CASE No.    05 CV 142911 |

DECISION AND JOURNAL ENTRY

Dated: June 10, 2013

WHITMORE, Judge.

{¶1}    Plaintiff-Appellant, Michael Committe, appeals from the judgment of the Lorain County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellee, Thomas Arndt.  This Court reverses.

I

{¶2}    In 1999, Arndt purchased a 1997 Ford Escort for his wife's use.  He obtained financing for the car through Fifth Third Bank and made payments of $252 per month.  Subsequently, Arndt and his wife began divorce proceedings and his wife took over the payments for the car.  In February 2000, however, she returned the car to Arndt.  Arndt learned that the bank meant to repossess the car because his wife had missed several loan payments.  After Arndt complained to one of his co-workers about the car, the co-worker expressed an interest in buying it.  Arndt and his co-worker, James Rudolchick, agreed that Rudolchick would give $700 to Arndt in order to avoid the repossession and Arndt would deliver the car to

Rudolchick at his home. According to Arndt, they also agreed that (1) Rudolchick would take over the monthly payments for the car until he could obtain financing, and (2) Rudolchick would not drive the car until the title transferred to him.

{¶3} Rudolchick continued to make Arndt's monthly loan payments to Fifth Third Bank and retained possession of the Ford Escort until June 17, 2000. On that date, Rudolchick drove the car and collided with another driver. The force of the impact caused the other driver's car to hit Committe, a motorcyclist who was stopped at the intersection where the collision occurred. Committe received serious injuries as a result of the collision.

{¶4} Subsequently, Committe brought a suit against Arndt for negligent entrustment, voluntarily dismissed the suit, and later re-filed it.[1] Arndt filed a motion for summary judgment, and Committe filed a memorandum in opposition. Arndt then filed a reply brief, and the trial court issued a ruling on the written briefs. The trial court granted Arndt's motion for summary judgment, finding that there was no evidence Arndt knew or should have known Rudolchick was an incompetent, inexperienced, or reckless driver.

{¶5} Committe now appeals from the trial court's judgment and raises two assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT ERRED IN GRANTING ARNDT'S MOTION FOR SUMMARY JUDGMENT.

---

[1] The suit also contained negligence counts against Rudolchick and Wingate (the driver of the other vehicle involved in the incident), but those counts are not at issue in this appeal.

<u>Assignment of Error Number Two</u>

A GENUINE ISSUE OF MATERIAL FACT IS IN DISPUTE AS TO WHETHER ARNDT NEGLIGENTLY ENTRUSTED HIS VEHICLE TO RUDOLCHICK.

**{¶6}** In his two assignments of error, Committe argues that the trial court erred by granting Arndt's motion for summary judgment because genuine issues of material fact exist with regard to whether Arndt negligently entrusted his vehicle to Rudolchick. We agree that the trial court erred by granting the motion.

**{¶7}** Initially, we note that Arndt did not file a responsive brief on appeal. As such, this Court may "accept [Committe's] statement of the facts and issues as correct and reverse the judgment if [his] brief reasonably appears to sustain such action." App.R. 18(C). We further note that the trial court here premised its judgment upon its own factual findings. Rather than just set forth the evidence the parties presented in support of and in opposition to summary judgment, the court's entry provided:

> This Court finds that Defendant James Rudolchick was driving a car * * * owned by Defendant Thomas Arndt when he was involved in an accident with [Committe] on June 17, 2000. This Court finds that prior to the accident, * * * Defendant Arndt entered into a contract to sell the escort to Defendant Rudolchick and Defendant took possession of the escort at that time. This Court further finds that Defendants Thomas Arndt and James Rudolchick were co-workers who did not socialize outside of the job. This Court further finds that Defendant Thomas Arndt had no knowledge of Defendant James Rudolchick's driving history and no reason to believe Defendant James Rudolchick presented a driving hazard. Therefore, this Court finds no genuine issue of material fact which would demonstrate that Defendant Thomas Arndt negligently entrusted his car to Defendant James Rudolchick.

In ruling on a motion for summary judgment, a trial court must not resolve issues of fact because issues of fact are properly reserved for trial. *See Tucker v. Kanzios*, 9th Dist. No. 08CA009429, 2009-Ohio-2788, ¶ 16. Instead, the role of the trial court is to determine whether there exist genuine issues of material fact. The trial court here improperly resolved issues of fact in its

summary judgment ruling. "Nevertheless, '[i]nasmuch as [our] review of an order granting summary judgment is de novo, * * * [we] will proceed to determine whether, despite the trial court's incorrect analysis, [Arndt] [was] entitled to summary judgment." *Schaffer v. First Merit, N.A.*, 186 Ohio App.3d 173, 2009-Ohio-6146, ¶ 15, quoting *Tucker* at ¶ 16. *Accord Weisfeld v. PASCO, Inc.*, 9th Dist. No. 26416, 2013-Ohio-1528, ¶ 9.

{¶8} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶9} "The owner of a motor vehicle may be liable for an injury to a third party on the grounds of negligence if the owner knowingly, either through actual knowledge or through

knowledge implied from the known facts and circumstances, entrusts its operation to an inexperienced or incompetent person whose negligent operation causes the injury." *Alarcon v. Rasanow*, 9th Dist. No. 05CA008833, 2006-Ohio-5804, ¶ 14. To prove negligent entrustment, the plaintiff must show "that the owner of the automobile had knowledge of the driver's incompetence, inexperience or reckless tendency as an operator, or that the owner, in the exercise of ordinary care, should have known thereof from facts and circumstances with which he was acquainted." *Maeder v. Hale*, 9th Dist. No. 10CA009925, 2012-Ohio-2, ¶ 4, quoting *Mt. Nebo Baptist Church v. Cleveland Crafts Co.*, 154 Ohio St. 185 (1950), paragraph two of the syllabus. "The plaintiff must also show that the driver negligently operated the vehicle." *Hignett v. Schwarz*, 9th Dist. No. 10CA009762, 2011-Ohio-3252, ¶ 20.

{¶10} As the summary judgment movant, Arndt bore the initial burden of showing the absence of a genuine issue of material fact for trial. Arndt argued that he was entitled to summary judgment on two separate bases. First, he argued that Committe's claim against him was barred by either the doctrine of res judicata or collateral estoppel. Second, he argued that Committe's claim should fail on its merits because there was no evidence that he knew or should have known that Rudolchick was an incompetent, inexperienced, or reckless driver. In support of his motion for summary judgment, Arndt relied upon: (1) a copy of his original motion for summary judgment, which was filed in the original suit that Committe voluntarily dismissed; (2) a copy of the trial judge's ruling on Arndt's motion for summary judgment in the original suit; (3) a copy of a complaint against Rudolchick brought by Committe and his insurance company in another suit; and (4) a copy of a certificate of judgment against Rudolchick in that suit. No other items were attached as support for Arndt's motion.

{¶11} Civ.R. 56(C) limits the types of evidentiary materials that a party may present when seeking or defending against summary judgment. Civ.R. 56(C) (limiting summary judgment evidence to "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact"). "The proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." *Skidmore & Assoc. Co., L.P.A. v. Southerland*, 89 Ohio App.3d 177, 179 (9th Dist.1993). "[I]f the opposing party fails to object to improperly introduced evidentiary materials, the trial court may, in its sound discretion, consider those materials in ruling on the summary judgment motion." *Wolford v. Sanchez*, 9th Dist. No. 05CA008674, 2005-Ohio-6992, ¶ 20, quoting *Christe v. GMS Mgt. Co., Inc.*, 124 Ohio App.3d 84, 90 (9th Dist.1997). If, however, the opposing party objects to the materials on the basis that they have not been properly introduced under Civ.R. 56(C), the trial court may not rely upon them in ruling on the motion for summary judgment. *Target Natl. Bank v. Enos*, 9th Dist. No. 25268, 2010-Ohio-6307, ¶ 8.

{¶12} None of the items that Arndt attached to his motion for summary judgment were proper Civ.R. 56(C) materials. In his memorandum in opposition to summary judgment, Committe specifically objected to Arndt's motion on the basis that none of the items he attached were proper Civ.R. 56(C) evidence. "Because [Committe] objected to [Arndt's] materials on the basis that they were not proper Civ.R. 56(C) evidence, the trial court did not have the discretion to consider them in the absence of a proper affidavit." *Id.* The only affidavit that was included in Arndt's motion was an affidavit that was attached to the copy of his original motion for summary judgment. That motion was filed in a different suit under a different case number. Moreover, the affidavit attached to the motion did not incorporate any materials; it simply set

forth Arndt's version of the events that occurred. Arndt did not file any affidavit in the current suit authenticating any of the items that he attached to his current motion for summary judgment. Consequently, Arndt did not offer any Civ.R. 56(C) evidence in support of his motion. Because Arndt did not support his summary judgment motion with any Civ.R. 56(C) evidence, he did not meet his initial *Dresher* burden. *See Dresher*, 75 Ohio St.3d at 292-293. Therefore, the trial court erred by granting his motion. Committe's assignments of error are sustained on that basis.

## III

{¶13} Committe's assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

BRENT L. ENGLISH, Attorney at Law, for Appellant.

GINO S. PULITO, Attorney at Law, for Appellee.

JAMES RUDOLCHICK, pro se, Appellee.