[Cite as *McHugh v. Zaatar*, 2015-Ohio-143.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| AMY MCHUGH | C.A. No. 14CA010591 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOE ZAATAR | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 12CV178208 |

DECISION AND JOURNAL ENTRY

Dated: January 20, 2015

MOORE, Judge.

{¶1} Plaintiff-Appellant, Amy McHugh ("Tenant"), now appeals from the judgment of the Lorain County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellee, Joe Zaatar ("Landlord"). This Court reverses.

I.

{¶2} In August 2009, Tenant leased a home from Landlord and paid him an $850 security deposit. There is no dispute that the steps leading to the basement of the home were not equipped with a handrail and that, at some point during her tenancy, Tenant paid a company to clean and repair the basement due to flooding. There is also no dispute that Landlord kept Tenant's security deposit when she ended her lease.

{¶3} According to Tenant, Landlord ignored her request to install a handrail and, in January 2011, she fell down the basement steps and sustained serious injuries. Further, according to Tenant, Landlord never reimbursed her for the basement cleaning and repair work

she had done with Landlord's approval. Tenant brought suit against Landlord for negligence/negligence per se as a result of her injuries and for oral contract/unjust enrichment as a result of the cleaning and repair work she paid to have done after the basement flooded. Further, she pleaded a statutory cause of action based on Landlord's failure to return her security deposit. Landlord filed an answer and discovery commenced. After discovery concluded, both parties filed motions for summary judgment.

{¶4} Landlord moved for summary judgment on all of Tenant's claims. Meanwhile, Tenant filed a motion for partial summary judgment on the duty and breach elements of her tort claim. She argued that, by failing to install a statutorily-mandated handrail on her basement steps, Landlord had committed negligence per se. Both parties filed briefs in opposition to summary judgment, and Landlord filed a reply to Tenant's brief in opposition. Subsequently, the court granted Landlord's motion for summary judgment on each of Tenant's counts and denied Tenant's partial motion for summary judgment.

{¶5} Tenant now appeals from the trial court's judgment and raises five assignments of error for our review. For ease of analysis, we rearrange and consolidate several of the assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT GRANTED LANDLORD'S MOTION
FOR SUMMARY JUDGMENT BECAUSE HIS MOTION WAS NOT
SUPPORTED BY EVIDENTIARY MATERIAL AS REQUIRED BY OHIO
CIV.R. 56(C).

{¶6} In her first assignment of error, Tenant argues that the court erred by granting Landlord's motion for summary judgment because Landlord did not support his motion with any Civ.R. 56(C) evidence. We agree.

**{¶7}** Pursuant to Civ.R. 56(C), summary judgment is proper only if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The summary judgment movant bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293. Only if the moving party fulfills his or her initial burden does the burden shift to the nonmoving party to prove that a genuine issue of material fact exists. *Id.*

**{¶8}** "Civ.R. 56(C) limits the types of evidentiary materials that a party may present when seeking or defending against summary judgment." *Committe v. Rudolchick*, 9th Dist. Lorain No. 12CA01086, 2013-Ohio-2373, ¶ 11. The rule provides that

[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, *timely filed in the action*, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

(Emphasis added.) Civ.R. 56(C). "[I]f the opposing party fails to object to improperly introduced evidentiary materials, the trial court may, in its sound discretion, consider those materials in ruling on the summary judgment motion." *Wolford v. Sanchez*, 9th Dist. Lorain No. 05CA008674, 2005-Ohio-6992, ¶ 20, quoting *Christe v. GMS Mgt. Co., Inc.*, 124 Ohio App.3d 84, 90 (9th Dist.1997). "If, however, the opposing party objects to the materials on the basis that they have not been properly introduced under Civ.R. 56(C), the trial court may not rely upon

them in ruling on the motion for summary judgment." *Committe* at ¶ 11. *Accord King v. Rubber City Arches, L.L.C.*, 9th Dist. Summit No. 25498, 2011-Ohio-2240, ¶ 19.

{¶9} "[A] deposition transcript must be authenticated before it can be considered as legally acceptable evidence for summary judgment purposes." *Id.* Moreover, "[e]very deposition intended to be presented as evidence must be filed at least one day before the day of trial or hearing * * *." Civ.R. 32(A). "[T]he rule clearly makes filing of the depositions mandatory." *Nickey v. Brown*, 7 Ohio App.3d 32, 35 (9th Dist.1982).

{¶10} In support of his motion for summary judgment, Landlord relied upon two exhibits. The first exhibit was a copy of Tenant's lease agreement. The second was a copy of Tenant's deposition. Unlike the other depositions in the matter, Tenant's deposition was never separately filed in the action. Instead, Landlord only attached a copy of it to his motion.

{¶11} In her brief in opposition to summary judgment, Tenant argued that Landlord's motion should fail as a matter of law because he did not support it with any Civ.R. 56(C) evidence. She argued that her deposition was not properly before the court because it had never been separately filed in the matter. She also argued that Landlord had failed to support his evidence with an affidavit. Consequently, it was Tenant's position that Landlord had failed to meet his initial *Dresher* burden. *See Dresher*, 75 Ohio St.3d at 292-93.

{¶12} Landlord filed a reply to Tenant's brief in opposition, but did not cause her deposition to be separately filed with the court. Instead, he argued that the transcript "has not been filed because [Tenant] did not waive signature and thus she must sign the transcript before it can be filed." He noted that he attached a copy of the deposition to his summary judgment motion "for the Court's convenience" and that Tenant's deposition "will be filed with the Court as soon as [she] signs it." The deposition, however, was never filed with the court.

{¶13} The trial court did not address Tenant's argument that Landlord had failed to present it with any Civ.R. 56(C) evidence. In granting Landlord's motion, however, the court specifically noted that it had considered Tenant's deposition. Tenant argues that the court erred by doing so because the deposition did not comply with Civ.R. 56(C). She maintains that the court should have denied Landlord's motion as a matter of law because he failed to support it with any Civ.R. 56(C) evidence. We agree.

{¶14} Contrary to Landlord's argument on appeal, he was not prevented from filing Tenant's deposition in the court below. Civ.R. 30(C) affords a deponent thirty days within which to review and sign his or her deposition. The rule provides that

> [i]f the deposition is not signed by the witness during the period prescribed in this division, the officer [before whom the deposition was taken] shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor; and the deposition may then be used as fully as though signed, unless on a motion to suppress the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part.

Civ.R. 30(E). Landlord, therefore, had the ability to secure the filing of the deposition in the absence of Tenant's signature. He failed to do so, so Tenant's deposition was not proper Civ.R. 56(C) evidence. *See* Civ.R. 32(A); Civ.R. 56(C). *See also Rogers v. Benefit Services Agency of Ohio, Inc.*, 9th Dist. Summit No. 17374, 1996 WL 122088, *1 (Mar. 20, 1996). Because Tenant specifically objected to the introduction of the deposition on the basis that it was improper Civ.R. 56(C) evidence, the court could not consider it in ruling on Landlord's motion for summary judgment. *See Committe*, 2013-Ohio-2373, at ¶ 11; *King*, 2011-Ohio-2240, at ¶ 19. *See also Nickey*, 7 Ohio App.3d at 36, citing Civ.R. 32(D)(4) (objection to filing of deposition construed as motion to suppress deposition under Civ.R. 32(D)(4)).

**{¶15}** Absent Tenant's deposition, the only item Landlord attached to his summary judgment motion was Tenant's lease agreement. Yet, the lease agreement was not the type of evidence listed in Civ.R. 56(C), and Landlord failed to incorporate it by way of a properly framed affidavit. *See* Civ.R. 56(C) (limiting summary judgment evidence to "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact"); *Skidmore & Assoc. Co. L.P.A. v. Southerland*, 89 Ohio App.3d 177, 179 (9th Dist.1993) ("The proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E)."). Tenant also specifically argued in her brief in opposition that Landlord's evidence did not comply with Civ.R. 56(C), in part, because it was not supported by an affidavit. Thus, the trial court also could not consider the lease agreement in ruling on Landlord's motion for summary judgment. *See Committe* at ¶ 11; *King* at ¶ 19.

**{¶16}** As previously set forth, a summary judgment movant bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher*, 75 Ohio St.3d at 292-93. "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293. Here, Landlord failed to meet his initial burden under *Dresher*. He only supported his motion with evidence that the court could not consider. Thus, he did not point to any evidence to demonstrate the absence of a genuine issue of material fact. Because Landlord failed to satisfy his initial *Dresher* burden, the burden never shifted to Tenant, and the trial court erred by granting Landlord's motion for summary judgment. Thus, Tenant's first assignment of error is sustained.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERR (sic) WHEN IT GRANTED LANDLORD'S MOTION FOR SUMMARY JUDGMENT BY CONCLUDING THAT HIS NEGLIGENCE IN FAILING TO INSTALL A HANDRAIL AS REQUIRED * * * BY ELYRIA CODIFIED ORD. § 1305.01 WAS EXCUSED BECAUSE THE MISSING HANDRAIL CONSTITUTED AN OPEN AND OBVIOUS DEFECT.

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT ERRED WHEN IT GRANTED LANDLORD'S MOTION FOR SUMMARY JUDGMENT BY CONCLUDING THAT TENANT FAILED TO PROVE THE MISSING HANDRAIL PROXIMATELY CAUSED HER INJURY.

**ASSIGNMENT OF ERROR V**

THE TRIAL COURT ERRED WHEN IT GRANTED LANDLORD'S MOTION FOR SUMMARY JUDGMENT FINDING THAT NO LEGITAMATE (sic) QUESTION OF FACT EXISTED ON THE CLAIMS FOR FAILURE TO RETURN HER SECURITY DEPOSIT AND UNJUST ENRICHMENT.

**{¶17}** In her second, fourth, and fifth assignments of error, Tenant offers several additional arguments as to why the court erred by granting Landlord's motion for summary judgment. Based on our resolution of Tenant's first assignment of error, her second, fourth, and fifth assignments of error are moot, and we decline to address them. *See* App.R. 12(A)(1)(c).

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED WHEN IT DENIED TENANT'S MOTION FOR SUMMARY JUDGMENT BY CONCLUDING THAT LANDLORD'S NEGLIGENCE IN FAILING TO INSTALL A HANDRAIL AS REQUIRED BY ELYRIA CODIFIED ORD. § 1305.01 WAS EXCUSED BECAUSE THE MISSING HANDRAIL CONSTITUTED AN OPEN AND OBVIOUS DEFECT.

**{¶18}** In her third assignment of error, Tenant argues that the court erred when it denied her partial motion for summary judgment. She argues that she was entitled to summary judgment on the duty and breach elements of her tort claim because Landlord committed negligence per se. Because the trial court failed to address Tenant's claim of negligence per se,

however, we must reverse and remand the matter for the court to consider her claim in the first instance.

{¶19} We incorporate the standard of review set forth in Tenant's first assignment of error. Thus, we examine the record to determine whether she demonstrated that there were no genuine issues of material fact for trial, that she was entitled to judgment as a matter of law, and that it appeared from the evidence that reasonable minds could only come to a conclusion in her favor. *Temple*, 50 Ohio St.3d at 327.

{¶20} "In order to succeed under an action for negligence, a plaintiff must show the existence of a duty, a breach of that duty, and that the breach of that duty was the proximate cause of the plaintiff's injuries." *Galo v. Carron Asphalt Paving, Inc.*, 9th Dist. Lorain No. 08CA009374, 2008-Ohio-5001, ¶ 8, citing *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565 (1998). "The concept of negligence per se allows the plaintiff to prove the first two prongs of the negligence test, duty and breach of duty, by merely showing that the defendant committed or omitted a specific act prohibited or required by statute * * *." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, ¶ 15. Negligence per se also functions as an exception to the open and obvious doctrine because the doctrine "does not override statutory duties." *Id.* at ¶ 14.

{¶21} With regard to the application of negligence per se, the Ohio Supreme Court has drawn a distinction between statutory violations and administrative rule violations. Administrative rule violations are admissible as evidence of negligence, but "do not create a per se finding of duty and breach of duty * * *." *Id.* at ¶ 21. That is because administrative rules do not flow directly from the General Assembly and, as such, do not create duties that reflect public policy. *Id.* at ¶ 18. They are "subordinate rules" that merely "expound upon public policy

already established by the General Assembly in the Revised Code." (Internal quotations and citations omitted.) *Chambers*, 82 Ohio St.3d at 567. Statutes, on the other hand, undergo a rigorous legislative process and speak directly to public policy, as established by the General Assembly. *Id.* at 566-567. "Where a legislative enactment imposes a specific duty for the safety of others, failure to perform that duty is negligence per se." *Id.* at 565.

{¶22} "R.C. 5321.04(A) sets out various duties of a landlord." *Harris-Coker v. Abraham*, 9th Dist. Summit No. 26053, 2012-Ohio-4135, ¶ 7. The statute requires a landlord who is a party to a rental agreement to:

> (1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;
>
> (2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition * * *.

R.C. 5321.04(A). "A landlord's violation of the duties imposed by R.C. 5321.04(A)(1) or 5321.04(A)(2) constitutes negligence per se * * *." *Sikora v. Wenzel*, 88 Ohio St.3d 493 (2000), syllabus.

{¶23} Tenant sought summary judgment on the duty and breach elements of her tort claim, arguing that Landlord had committed negligence per se by failing to install a handrail on the steps leading to her basement. In her complaint, Tenant alleged that her rental property was "unsafe and failed to comply with applicable building codes including * * * no safety hand railing on the basement stairs." She further alleged that Landlord owed her "a duty to maintain the premises in a safe manner and to safeguard her from known dangers and to comply with applicable building codes." Accordingly, while Tenant did not specifically cite R.C. 5321.04 in her complaint, she set forth allegations relevant to R.C. 5321.04(A)(1) and (A)(2). *See Harris-Coker* at ¶ 7.

{¶24} In her motion for summary judgment, Tenant specified that Landlord committed negligence per se when he violated R.C. 5321.04(A)(1) and (A)(2). She also cited the sections of the Elyria Codified Ordinance and Property Maintenance Code that Landlord had allegedly violated by failing to install a handrail on her basement stairway. Further, she attached to her motion an affidavit from Phil Lahetta, the City of Elyria's Chief Building Official. In his affidavit, Mr. Lahetta averred:

> 3. A home located at 852 Fairwood Drive, Elyria, Ohio and rented as a dwelling on [the date of Tenant's alleged injury] was governed by the 2003 International Property Maintenance Code which was adopted by the City of Elyria on March 7, 2005 by Elyria Cod. Ord. § 1305.01;
>
> 4. Section 306 of the Property Maintenance Code required a hand rail on all interior and exterior stairways that have four or more risers on [the date of Tenant's alleged injury];
>
> 5. There are no exceptions and the failure to install a handrail on a[]basement stairway consisting of four risers is a violation subject to fines and penalties.

Thus, Tenant set forth evidence in support of her negligence per se claim.

{¶25} In response to Tenant's motion for summary judgment, Landlord relied upon *Lang v. Holly Hill Motel, Inc.* and argued that building code violations do not amount to negligence per se. *See Lang*, 122 Ohio St.3d 120, 2009-Ohio-2495, at ¶ 20-21. Unlike the plaintiff in *Lang*, however, Tenant did not rely strictly upon a building code violation to establish negligence per se. She argued that Landlord's actions violated section 5321.04 of the Revised Code.[1] The Ohio Supreme Court has recognized that a violation of either R.C. 5321.04(A)(1) or (A)(2) constitutes negligence per se. *Sikora*, 88 Ohio St.3d 493 at syllabus. Accordingly, *Lang* is distinguishable from the case at hand.

---

[1] We note that the plaintiff in *Lang* could not avail herself of R.C. 5321.04 because she and the defendant did not have a landlord-tenant relationship.

{¶26} The trial court determined that Tenant was not entitled to judgment because the lack of a handrail on her basement steps constituted an open and obvious danger. Yet, negligence per se is an exception to the open and obvious danger doctrine. *Lang* at ¶ 15. If Tenant proved negligence per se, then the open and obvious doctrine would not act as a bar to her claim. "The trial court * * * failed to analyze the issue of negligence per se in its judgment entry. Accordingly, we are compelled to reverse and remand the matter to the trial court to consider the claim of negligence per se in the first instance." *Harris-Coker* at ¶ 7. Tenant's third assignment of error is sustained on that basis.

## III.

{¶27} Tenant's first and third assignments of error are sustained. Her remaining assignments of error are moot. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JOSEPH E. ROSENBAUM, Attorney at Law, for Appellant.

J. ALAN SMITH, Attorney at Law, for Appellee.